MARION M. HOVEY, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 25129.)

Third Department, May 7, 1941.

Chandler S. Knight, for the appellant.

John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr., and Owen M. Begley, Assistant Attorneys-General, of counsel], for the respondent.

SCHENCK, J. This is an appeal from a judgment of the Court of Claims which held that the State of New York was not guilty of negligence and that claimant's injuries were the result of her own contributory negligence.

The accident occurred on December 2, 1937, at the Oneonta State Normal School. The claim is predicated on negligence of the State both in failing to provide light on a stairway in a school building and in providing a faulty handrail on the said stairway. Claimant was a regularly enrolled student. On the afternoon in question, between four and five o'clock, she attended a musical rehearsal of forty-five students in the auditorium on the second floor of the main school building. This rehearsal, so called, was an·extra-curricular activity but it was conducted by a regular member of the faculty and was sanctioned and approved by the school. Claimant did not leave immediately after the session but remained to talk with the teacher in charge for a few minutes. At five-five or five-ten she left the lighted auditorium, went out into a dark hall and started to descend one of the two main stairways to the first floor. There was no light in either stairway or the halls adjoining thereto. The light from the auditorium was confined to that room by swinging doors which closed after claimant passed through.

Claimant, carrying books on her right arm, descended the left side of the stairway to the first landing. There is no question but that it was dark outside, the date being less than three weeks from the shortest day of the year, and the time being after five o'clock. The steps and rail were of black slate and black wood, respectively. Claimant turned at the first landing to continue down and in so

doing groped in the darkness for the handrail. She did not locate it for the reason that it did not come all the way from the first floor to the landing, but stopped several feet short thereof, leaving about three steps with no handrail on the left side. While reaching for the rail and while trying to feel her way she slipped and fell down the fifteen steps to the next landing.

I think that on this evidence the State is liable. Having permitted, if, indeed, it did not invite, claimant to be in the auditorium at five o'clock and thereafter, it should have provided a safe exit. Claimant was carrying books as, of course, any student customarily would while engaged in curricular or extra-curricular activities. It was natural for her to carry the books on her right arm, and this would reasonably lead her to descend the left-hand side of the stairs in order to use the handrail on that side. It being dark, and especially as both floor and handrail were black, she was obliged to grope and feel her way. The fact that the rail did not go all the way to the landing might have been all right under proper lighting conditions, but under these circumstances the lack of a handrail for several steps, taken in connection with the total lack of light, seems to me to constitute negligence.

The janitor's statement that she was going down the middle of the stairway may be largely discounted in view of his hesitant and uncertain testimony. In any event, as already indicated, there was no handrail at all on the left side where claimant lost her balance, so, at that point, she would have received no support even if she walked on the extreme left side of the stairs.

The fact that claimant went up and down the stairs daily in daylight is immaterial. There is no proof that she had ever been down them under the circumstances existing at the time of the accident. Darkness makes a difference in even the most familiar places.

The judgment should be reversed and this court should grant judgment in favor of the claimant for such an amount as it deems proper.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Judgment reversed on the law and facts and judgment in favor of the claimant for $13,218 granted.

The court reverses the findings of fact numbered 15, 16, 17, 20, 24, 25 and 26, annuls the conclusions of law numbered I, II and III, and makes the following new findings of fact: 1. That the failure to maintain the handrail along the left-hand side of such stairway to the top step thereof created a dangerous condition.

2. That the failure to light or illuminate said stairway created a dangerous condition. 3. That the State of New York, through its agents, servants and employees, was negligent in not illuminating said stairway at said time and place. 4. That the State of New York, through its agents, servants and employees, was negligent in turning off the lights in said school at said time. 5. That the State of New York has failed to prove that claimant was guilty of negligence which contributed to her injury. 6. That the injuries received by the claimant resulted solely from the negligence of the State. ▪ The court makes the following conclusions of law: I. That claimant is entitled to judgment against the State of New York in the sum of $13,218. II. That judgment is directed to be entered accordingly.