EDITH M. AUCOCK, Appellant, *v.* NEISNER BROTHERS, INC., Respondent.

Argued October 7, 1954; reargued November 16, 1954; decided December 3, 1954.

*James H. Gilroy, Jr.,* for appellant. Defendant's negligence was a question of fact for the jury. (*Hovey* v. *State of New York,* 261 App. Div. 759, 262 App. Div. 791, 287 N. Y. 663; *Wilson* v. *Jaybro Realty & Development Co.,* 289 N. Y. 410; *Toppi* v. *McDonald,* 128 App. Div. 443, 199 N. Y. 585; *Loughran* v. *City of New York,* 298 N. Y. 320; *Boylhart* v. *Di Marco & Reimann,* 270 N. Y. 217; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Junkermann* v. *Tilyon Realty Co.,* 213 N. Y. 404; *Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Becker* v. *Liscio,* 223 App. Div. 698.)

*Frank G. Pratt* and *Willard R. Pratt* for respondent. I. Plaintiff's evidence presented no question of fact for the jury. (*Rohrbacher* v. *Gillig,* 203 N. Y. 413; *Hovey* v. *State of New York,* 261 App. Div. 759, 262 App. Div. 791, 287 N. Y. 663; *Wilson* v. *Jaybro Realty & Development Co.,* 289 N. Y. 410; *Brown* v. *Welsbach Corp.,* 301 N. Y. 202.) II. Plaintiff was guilty of contributory negligence as a matter of law. (*McKay* v. *Carsons Dept. Store,* 263 App. Div. 820.) III. The trial court erred in excluding the photograph of the gum machine, which was claimed to have obstructed access to the handrail.

VAN VOORHIS, J. The Appellate Division directed that the complaint be dismissed upon the ground that plaintiff failed to establish any actionable negligence upon the part of defendant. We think that this disposition of the action was correct. Plaintiff-appellant fell while descending a flight of three steps leading from the street level to the floor level, immediately inside of the entrance to defendant's store at 195 Genesee Street in the city of Utica, New York. This short stairway was equipped with railings forming three lanes, any one of which was available to plaintiff for entrance and descent. No defect has been established in this stairway, with the alleged exception of the presence of a gum vending machine located at the top of

the stairway at the left-hand side of the left lane as plaintiff entered. This machine occupied enough space so that plaintiff could not reach the left handrail in order to take hold of it while passing the machine. The negligence charged is that the vending machine interfered with plaintiff, causing her to lose her balance as she reached with her left hand for the railing behind it. If there had been a solid wall at the left edge of the steps, there would have been no opportunity to make such a contention as plaintiff asserts here. It is only the suggestion of an implied invitation to take hold of the railing in spite of the obstacle presented by the presence of the vending machine that is at the foundation of her claim. We think that this is too attenuated a theory upon which to base liability in this case.

The judgment appealed from should be affirmed, with costs.

FROESSEL, J. (dissenting). By affirming the Appellate Division, which reversed the judgment of the trial court based upon a jury verdict, the majority of our court have agreed that the evidence adduced at the trial fails as a matter of law to establish any actionable negligence on the part of the defendant. With this conclusion we cannot concur.

When plaintiff entered defendant's store to make a purchase, there was before her, at street level, a small terrazzo platform, beyond which were three steps leading down to the store floor proper. Plaintiff, seeking to reach the basement of the store by the shortest and most normal route, proceeded toward the left edge of the platform and steps, intending to use the handrail there in her descent. Upon reaching the edge of the platform, she found her access to the handrail obstructed by a gum ball machine which had been placed alongside the handrail. She stood on the very edge of the top step, and, in her attempt to grasp the handrail by reaching around the gum machine, her foot slipped, causing her to fall and receive serious injuries. Defendant resisted liability upon the ground that no gum machine was present at this location. The jury found plaintiff free from contributory negligence, and the Appellate Division did not disturb that finding.

From the evidence here, it appears that, because of the location of defendant's gum machine, the left handrail was virtually inaccessible to plaintiff on the top step, and that users of this portion of the stairway were required to lean dangerously far

over the steps in order to grasp the handrail before beginning their descent. In practical effect, then, the handrail, or its usable portion, did not extend to the top of the stairway, a condition which was held to be " dangerous " in *Hovey* v. *State of New York* (261 App. Div. 759, affd. 287 N. Y. 663). This handrail was provided for the safety of the store's patrons and its very presence invited use.

Under these circumstances, it was well within the jury's province to find that defendant had failed to exercise reasonable care in so placing the gum machine and in failing to perceive the potential hazard thereby created for users of the stairway.

The judgment of the Appellate Division should be reversed and that of Trial Term reinstated.

DESMOND, DYE and FULD, JJ., concur with VAN VOORHIS, J.; FROESSEL, J., dissents in an opinion in which LEWIS, Ch. J., and CONWAY, J., concur.

Judgment affirmed.