(February 1, 1996)

■ Adrienne Thomas, Respondent, v Caldor's, Appellant. [637 NYS2d 120] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 22, 1994, which denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, defendant's motion is granted, and the complaint dismissed, without costs. The clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff alleges that on May 13, 1990 she slipped, fell and was injured in the defendant's department store. The evidence submitted by plaintiff in opposition to the defendant's summary judgment motion established only that the floor where plaintiff fell was "very polished", "glossy", and "shiny". Plaintiff submitted no evidence to establish that there had been a negligent application of wax. In denying the defendant's motion for summary judgment, the IAS Court concluded that the affidavit of plaintiff's daughter gave rise to a question of fact as to whether there was excessive wax. Review of that affidavit establishes it contains no statement which could be construed to establish the negligent application of wax and instead contains only the conclusory statement that the floor was "extremely shiny and overwaxed".

It is well settled that "the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not give rise to a cause of action or inference of negligence" (*Katz v New York Hosp.*, 170 AD2d 345; *see, Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381; *Gootman v Village of Haverstraw*, 200 AD2d 829, *lv denied* 83 NY2d 756). In the present case, the hearsay and conclusory statements offered by the plaintiff were insufficient to defeat the proof offered by the defendant in support of its motion for summary judgment (*Pizzi v Bradlee's Div.*, 172 AD2d

504). We have reviewed the remaining arguments advanced by the parties and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross and Williams, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

In her affidavit, the plaintiff's daughter states that the floor where the plaintiff, who was injured, fell was "overwaxed".

Until there has been pretrial disclosure as to the application of wax and the methods used, summary judgment dismissing the complaint is premature.

As we stated in the recent case of *Alberti v West 235th St. Cleaners* (211 AD2d 490): "Issues of fact exist that preclude summary judgment, including whether the floor of defendant's establishment, which had been freshly mopped, was dangerously wet, and, if so, whether such condition was the proximate cause of plaintiff's slip and fall."