■ MATILDA PAGAN et al., Respondents, v LOCAL 23-25 INTERNATIONAL LADIES GARMENT WORKERS UNION et al., Defendants and Third-Party Plaintiffs-Respondents. H. S. HOCHBERG & SONS, INC., Third-Party Defendant-Respondent; SUPREME BUILDING MAINTENANCE CORP., Third-Party Defendant-Appellant. [650 NYS2d 214] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about June 7, 1995, which denied third-party defendant Supreme Building Maintenance Corp.'s ("Supreme Building") motion for summary judgment, is unanimously reversed, on the law, without costs, summary judgment is granted, and plaintiffs' complaint is dismissed as against Supreme Building. The Clerk is directed to enter judgment in favor of third-party defendant-appellant Supreme Building Maintenance dismissing the action as against it. Appeal from the judgment, same court and Justice, entered August 7, 1995, which granted defendants and third-party plaintiffs Local 23-25 International Ladies Garment Workers Union and 1710 Broadway Inc.'s motion for summary judgment and dismissed the complaint as against them, is unanimously dismissed, without costs.

This is a personal injury action in which plaintiff Matilda Pagan alleges that she slipped and fell on a hallway floor at premises leased by Local 23-25 (located at 275 Seventh Avenue) from 1710 Broadway. Supreme Building was the maintenance contractor and Hochberg & Sons was the general renovation contractor. At the time of the accident, Hochberg & Sons was installing new floor tiles and Supreme Building was responsible for building maintenance. However, evidence was submitted that Supreme Building was not to clean areas of ongoing construction.

Plaintiff asserts that she fell due to a slippery floor, although she could not remember whether or not the floor had been wet. Indeed, with regard to Supreme Building, plaintiff's theory of negligence appears to be founded on the fact that Supreme

Building may have swept the floor where plaintiff fell, that if Supreme did sweep the floor, it did so with a mop treated with an unknown chemical, which chemical might have been dangerous by creating a slippery condition on the newly installed tile. Plaintiff also speculated that the unidentified dusting chemical, which had been used safely on the old tiles, may have created an unsafe condition with the new tiles.

It is well settled that the fact that a floor is slippery by reason of its smoothness or polish, in the absence of any proof of the negligent application of wax or polish, does not give rise to a cause of action, or an inference of negligence (*Thomas v Caldor's*, 224 AD2d 171; *Pizzi v Bradlee's Div.*, 172 AD2d 504; *Katz v New York Hosp.*, 170 AD2d 345). In the matter before us, the conclusory, self-serving and highly speculative allegations proffered by the plaintiff are insufficient to defeat Supreme Building's motion for summary judgment.

In light of the foregoing, Supreme Building is not "aggrieved" by the judgment of August 7, 1995, and, thus, the appeal from that judgment is dismissed (*see*, CPLR 5511; *Bernstein v 1995 Assocs.*, 211 AD2d 560; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465). Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.