■ ROBERT JEFFERSON, Appellant, v TEMCO SERVICES INDUSTRIES, INC., et al., Respondents. MONTROSE REALTY Co., Third-Party Plaintiff-Respondent, v CHEMICAL BANK, Third-Party Defendant-Respondent. [708 NYS2d 21] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about March 30, 1999, which granted the summary judgment motion of defendants Touko America Co. and Montrose Realty and the cross motions for summary judgment of third-party defendant Chemical Bank and defendant Temco, dismissing the complaint, third-party complaint, and all cross claims, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 18, 1999, which deemed plaintiff's motion as one for reargument and denied it as such, unanimously dismissed, without costs, as taken from a nonappealable paper.

Since there was no proof that plaintiff's failure to comply with a disclosure request pursuant to CPLR 3101 (d) (1) (i) was willful or prejudicial, that failure should not have been utilized to preclude the affidavit of plaintiff's expert (*see, McDermott v Alvey, Inc.*, 198 AD2d 95; *Busse v Clark Equip. Co.*, 182 AD2d 525). Nevertheless, even when that affidavit is taken into

consideration, plaintiff fails to raise a triable issue of fact as to whether any defendant had actual or constructive notice of the alleged wet condition of the landing, plaintiff, when deposed, having testified that on the occasion of his accident the steps were dry, that it was only drizzling, and that people were not carrying umbrellas (*see, Cottingham v Hammerson Fifth Ave.*, 259 AD2d 348). Plaintiff's speculative hypothesis, based primarily on the observations of his expert 11 months after the accident, that his accident may have been caused by the negligent application of wax to slip-resistant strips on the stairs, is patently insufficient to raise a triable issue, particularly in light of plaintiff's deposition testimony that he had never touched the strips in question (*see, Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234 AD2d 37). Finally, plaintiff has failed to raise a triable issue with respect to his claim premised on the purportedly defective design of the handrail, because he has offered no non-speculative ground in support of his theory that he would have recovered his footing had the handrail projected an additional quarter-inch from the wall and so been free of the claimed defect (*see, Salzo v Bedding Showcase*, 238 AD2d 180, *lv denied* 90 NY2d 806).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Williams, J. P., Tom, Mazzarelli and Buckley, JJ.