■ Rose Bitterman, Appellant, v Charles Grotyohann, Respondent, et al., Defendant. [743 NYS2d 167] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated April 27, 2001, which granted the defendants' cross motion for summary judgment dismissing the complaint and denied as academic her motion for a trial preference.

Ordered that the order is affirmed, with costs.

The defendant homeowners satisfied their initial burden on

their motion for summary judgment by demonstrating that any determination as to what caused the plaintiff to fall from their front steps would be based on speculation (*see Bernstein v City of New York,* 69 NY2d 1020; *Teplitskaya v 3096 Owners Corp.,* 289 AD2d 477). They presented expert evidence that the steps and handrails conformed to the applicable provisions of the New York City Building Code and that they did not breach their duty to maintain the premises in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233).

The evidence offered by the plaintiff in opposition was insufficient to raise a triable issue of fact. The plaintiff testified at her deposition that she did not know what caused her to fall, and she did not notice any defect on the front steps. The plaintiff offered expert evidence that the height differential of the concrete steps and the length of the handrails failed to conform to the applicable provisions of the New York City Building Code. However, a determination that these alleged defects, rather than a misstep or loss of balance, were a proximate cause of the plaintiff's accident would be based on sheer speculation (*see Jefferson v Temco Servs. Indus.,* 272 AD2d 196; *see also Conry v Avellino,* 287 AD2d 478). Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.