■ SYBIL KANE, as Administratrix of the Estate of DAVID KANE, Deceased, Respondent, v ESTIA GREEK RESTAURANT, INC., et al., Appellants. [772 NYS2d 59]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about August 14, 2003, which, inter alia, denied defendants' motion and cross motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion

and cross motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The 72-year-old decedent of plaintiff, having consumed two glasses of wine at lunch, and then, as a wine consultant, having conducted an evening wine tasting at which he sampled three wines, and, afterward, having entered defendant's premises where he ordered a scotch on the rocks, fell in the vicinity of a staircase when he proceeded to the bathroom. He frequented this establishment several times a week, was familiar with the staircase, and had not previously been aware of any defects in the staircase or the handrail. He remembered very little about the accident, except that he "might have" held onto railing spindles on the left side of the staircase rather than the banister on the right side of the staircase; he could not recall whether the spindles were loose or moved. In his deposition testimony, he even indicated that he might have reached the bottom of the stairs when he fell. He had not observed any debris or defects in the vicinity of the staircase. Medical evidence established that decedent had an ethenol, or blood alcohol level of 130, which is high. Although plaintiff's expert indicated that the spindles at the beginning of the staircase seemed loose, the owner testified that he checked them regularly and that they had not been loose. The expert also concluded that the stairway treads were worn. Decedent, though, did not remember or know why he fell, if indeed he fell on the staircase itself; he only knew that he was found at the bottom of the staircase.

As we have repeatedly stated, "[r]ank speculation is no substitute for evidentiary proof in admissible form that is required to establish the existence of a material issue of fact and, thus, defeat a motion for summary judgment" (*Sawh v Schoen*, 215 AD2d 291, 293 [1995], quoting *Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 238 [1995]). Even if the plaintiff suffers memory loss as a consequence of the slip and fall, he still must present a theory of liability and facts in support thereof on which the jury can base a verdict. Absent an explication of facts explaining the accident, the verdict would rest on only speculation and guessing, warranting summary judgment (*Lynn v Lynn*, 216 AD2d 194 [1995]). Even if an expert alludes to potential defects on a stairway, the plaintiff still must establish that the slip and fall was connected to the supposed defect, absent which summary judgment is appropriate (*Jefferson v Temco Servs. Indus.*, 272 AD2d 196 [2000]; *Bitterman v Grotyohann*, 295 AD2d 383, 384 [2002]), especially when the expert's observations in this case were made several

months after the accident (*Jefferson, supra*). The present case rests on pure surmise regarding the cause of decedent's fall and the connection of the staircase, if any, with the resulting injuries. Accordingly, we must dismiss. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.