(August 5, 2004)

■ Estelle Penge et al., Appellants, v Board of Education of the City of New York, Respondent. [781 NYS2d 68]—

Judgment, Supreme Court, Bronx County (Anne Targum, J.), entered May 29, 2002, in an action to recover damages for personal injuries sustained when plaintiff slipped and fell on a school stairway, finding, after a jury trial, that defendant was not negligent and dismissing the complaint, reversed, on the law, without costs, the judgment vacated, the complaint reinstated and the matter remanded for a new trial.

Plaintiff tore her right rotator cuff as a result of slipping and falling on a school staircase. She testified that she reached out for the missing adult handrail as she started to fall and that she continued falling until she hooked her arm around the child banister. Plaintiff's expert testified that good and accepted engineering practice requires adult handrails on the staircase. and explained that, while gripping an adult banister will prevent an adult who is losing his or her balance from falling, reaching down for the lower child banister will only accelerate the fall.

The court improperly removed from the jury's consideration the issue of whether the absence of a second handrail was a proximate cause of plaintiff's fall on the ground that "we do not know whether the banister was even within her grasp when she started to fall or at what time she actually tried to grab for that banister, so those issues will not be before [the jury]." Contrary to the court's reasoning and to defendant's contention that

plaintiff offered no grounds to support her theory that she would have recovered her footing had there been an adult handrail, plaintiff's testimony that after she reached out for the missing banister she managed to grab onto the lower child handrail precludes a finding as a matter of law that she would not have been within reach of an adult handrail.

Defendant's argument that the missing handrail on the right side of the staircase did not proximately cause plaintiff's fall since plaintiff chose not to use the available left-side handrail is more appropriately directed to the issue of comparative negligence. Moreover, the cases advanced by defendant are distinguishable from the instant case (see *Hyman v Queens County Bancorp.*, 307 AD2d 984 [2003], *mot to dismiss appeal granted in part* 2 NY3d 819 [2004] [second handrail not required]; *Hodge v Niagara Falls Gazette Publ. Co.*, 286 App Div 1063 [1955], *affd without op* 1 NY2d 801 [1956] [handrail cited for appearance of stairs, not for use in descending]; *Aucock v Neisner Bros.*, 308 NY 41, 43 [1954] [theory of "implied invitation" to grab railing despite obstacle of vending machine too attenuated to support liability]; *Jefferson v Temco Servs. Indus.*, 272 AD2d 196 [2000] [plaintiff offered no nonspeculative support for theory that he would have recovered footing if handrail had projected an additional quarter inch from wall]; *Bitterman v Grotyohann*, 295 AD2d 383 [2002] [plaintiff offered no evidence that length of handrails was related to her fall]; *Larkin v O'Neill*, 119 NY 221 [1890] [plaintiff did not complain about handrail]). Concur—Mazzarelli, Saxe and Ellerin, JJ.

Buckley, P.J. and Marlow, J., dissent in a memorandum by Buckley, P.J., as follows: I would find that the trial court properly determined, as a matter of law, that the absence of an adult handrail on the right side of the stairwell was not a proximate cause.

Plaintiff testified that, before she slipped, she was walking in the middle of the stairwell or slightly left of the middle, and that she could not touch the left-side adult handrail from her position. If plaintiff could not reach the left-side adult handrail from the center or left-of-center of the staircase, then, a fortiori, she could not have reached an adult handrail on the right side, had one existed. Thus, a right-side adult banister would not have prevented her fall. Indeed, plaintiff's expert testified that, in order to prevent or arrest a fall, one needs a handrail "at the right height at the right time," which, he indicated, is the moment when one loses one's balance. At most, the evidence creates an inference that, had a right adult handrail existed, plaintiff would have been able to wrap her arm around it at

some point after she was already falling, as she was able to wrap her arm around the right child handrail. Plaintiff's expert offered no basis to conclude otherwise or any opinion as to how hooking one's arm around an adult handrail during a fall would result in lesser injuries. Since plaintiff offered no nonspeculative basis for her theory, the trial court correctly removed the issue from the jury's consideration (*see Hyman v Queens County Bancorp.*, 307 AD2d 984 [2003], *mot to dismiss appeal granted in part* 2 NY3d 819 [2004]; *Vachon v State of New York*, 286 AD2d 528 [2001]; *Jefferson v Temco Servs. Indus.*, 272 AD2d 196 [2000]; *Lynn v Lynn*, 216 AD2d 194 [1995]). Accordingly, I would affirm.