■ ELENA VICHNEVSKAIA et al., Appellants, v 200 WEST 86TH APARTMENT CORP., Respondent. [806 NYS2d 474]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J., and a jury), entered August 23, 2004, dismissing the complaint in an action for personal injuries sustained in a fall on steps leading out of defendant's building, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 20, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

The jury's finding that defendant was negligent in its maintenance of the steps but that such negligence was not a proximate cause of plaintiff's fall is supported by a fair interpretation of the evidence (*see Ohdan v City of New York,* 268 AD2d 86, 88-89 [2000], *lv denied* 95 NY2d 769 [2000]), including plaintiff's expert's testimony that he could not say which one or combination of the six separate defects he found on the steps caused plaintiff to fall, and indeed that it was possible that none of the defects caused the fall. Tending to support the latter possibility was plaintiff's testimony that she did not know what caused her to fall, and was hurrying and looking not at the steps but

forward. Given this latter testimony, the trial court properly permitted defendant's attorney to cross-examine plaintiff's expert as to the possibility that the fall was caused not by one or more of the six defects he had identified, but by plaintiff's own misstep (*cf. Bitterman v Grotyohann*, 295 AD2d 383 [2002]). The trial court correctly ruled that sections 153 and 154 of the 1916 Building Code, claimed by plaintiff to be the applicable code, do not require that the steps in question have handrails. In any event, even if the lack of handrails were the defect, or one of the defects, found by the jury, the jury could also have fairly found that handrails would not have prevented the fall, given its sudden nature and backward direction. We have considered plaintiff's other arguments and find them to be unavailing. Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.