■ NATASHA KUDROV, Respondent, et al., Plaintiff, v LARO SERVICES SYSTEMS, INC., Appellant. [837 NYS2d 153]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered May 19, 2006, which denied defendant's motion for summary judgment, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Kudrov testified that she slipped and fell on a "shiny, slippery" floor in the south wing of the Port Authority Bus Terminal in Manhattan. She did not recall seeing any water or debris there at the time. The accident report stated that the area was clean and dry. In a report based on an inspection of the area almost a year after the accident (*see Garcia v The Jesuits of Fordham*, 6 AD3d 163, 165 [2004]), plaintiffs' expert stated essentially that the floor was slippery due to the fact that it was made of ceramic tile and was covered with a polyurethane coating.

Absent proof of the negligent application of wax or polish, the fact that a floor is slippery by reason of its smoothness or having been polished does not give rise to an inference of negligence (*Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234

AD2d 37 [1996]). The evidence sufficiently demonstrates that the floor was waxed and dry before this area was opened to the public. We find no triable issues as to whether defendant was negligent in its application of wax or buffing of the floor.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Nardelli and Malone, JJ.

Saxe, J., dissents in a memorandum as follows: I would affirm the denial of defendant's motion for summary judgment. I do not dispute the rule that *absent proof of the negligent application of wax* or polish, the mere assertion that a floor is slippery by reason of its smoothness or polish does not give rise to an inference of negligence (*Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234 AD2d 37, 38 [1996]). However, here, not only did plaintiff Kudrov assert that she slipped and fell on a "shiny, slippery" floor in the south wing of the Port Authority Bus Terminal in Manhattan, but she also specifically stated, in opposition to the motion, that after she fell, the clothes she was wearing felt like they had wax all over them.

Had plaintiff been asked at her deposition whether she felt any substance on the floor or her clothing after falling, and had she answered in the negative, dismissal based upon the foregoing general rule would be appropriate (*see Brandefine v National Cleaning Contr.*, 265 AD2d 441, 441-442 [1999] ["During her deposition, the injured plaintiff admitted that she felt no substance on the floor or her clothing after the fall"]). But, plaintiff's assertion that she could feel wax on her clothes after her fall permits the inference that an excessive amount of wax was applied, creating a triable issue as to whether defendant was negligent in its application of wax or buffing of the floor.

On this basis alone, I would affirm.