■ Isaak Goldin, Respondent, v Riverbay Corporation, Appellant, et al., Defendant. (And a Third-Party Action.) [889 NYS2d 557]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 13, 2009, which denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint and all cross claims and counterclaims as against Riverbay Corporation.

Plaintiff claims that he sustained personal injuries when he fell on a dangerously slippery hardwood floor in an apartment in Co-op City owned by his friend, defendant Razhanskiy. Defendant-appellant Riverbay, which does maintenance work in Co-op City, had done restoration work in the apartment about two weeks before Razhanskiy moved in and about three weeks before plaintiff's accident, consisting of, among other things, installing a new hardwood floor and cleaning it with paste wax.

That a floor is slippery by reason of its smoothness or polish does not give rise to an inference of negligence; in addition, there must be proof of the negligent application of wax or polish (*Aguilar v Transworld Maintenance Servs.*, 267 AD2d 85 [1999], *lv denied* 94 NY2d 762 [2000]). Riverbay made a prima facie showing that it did not negligently apply wax or polish with the testimony of its supervisor of maintenance that the floor was waxed and buffed once in accordance with normal procedures before a new tenant moves in, that he never noticed wood floors like this one to be slippery after the application of paste wax, and that he never received any complaints from anyone concerning the slipperiness of the wood floors. Plaintiff's deposition testimony that he fell because "the floor was very smooth, like a mirror," but otherwise dry and free of debris, does not consti-

tute evidence of the negligent application of floor wax (*see Purcell v York Bldg. Maintenance Corp.*, 57 AD3d 210 [2008]; *Kudrov v Laro Servs. Sys., Inc.*, 41 AD3d 315, 315 [2007]), and plaintiff's claim that the floor was slippery because too many layers of wax were applied is speculative. Plaintiff did not testify that after he fell his clothes were covered with wax, which would have been some evidence of an overwaxed or negligently-applied wax condition (*see Panagakos v Greek Archdiocese of N. & S. Am.*, 213 AD2d 336 [1995]).

Nor does the deposition testimony of former third-party defendants, the manufacturer and distributor of the subject wood floor tiles, or the manufacturer's floor care guide, tend to show that the floor was slippery due to the negligent application of wax. While third-party defendants' representatives agreed that there is no need to wax a floor that, like this one, has a urethane finish, neither testified that the application of wax would make the floor more slippery. And while the floor care guide lists waxed-based products as among those that should not be used on the floor, the reason it gives is that such products can pit and etch the finish of the floor, not that the use of wax makes the floor slippery.

The affidavit of plaintiff's expert engineer lacks evidence in admissible form providing a foundational basis for the expert's opinion that the floor he inspected three months after the accident was in the same condition as it was on the day of the accident. The expert's reliance on Razhanskiy's oral statement to that effect was improper as such was hearsay, and the hearsay is not cured by Razhanskiy's affidavit that the floor had not been altered, as the affidavit speaks only to the six-day period between Razhanskiy's moving into the apartment and plaintiff's accident. The expert's affidavit is also speculative in claiming that a urethane floor is made more slippery by the addition of paste wax. In performing his coefficient of friction test, the expert did not undertake to determine the coefficient of friction of a new nonwaxed floor, and, thus lacking a benchmark, could not compare whether the application of wax affected the coefficient of friction to any significant degree.

Plaintiff also failed to raise a triable issue of fact as to whether Riverbay had notice of the alleged danger. Razhanskiy testified that on one occasion after moving into the apartment and before plaintiff's accident, he telephoned Riverbay and inquired about how to fix the slippery condition of the floor. Such complaint, however, would not have provided Riverbay with notice of a slippery condition occasioned by the application of paste wax, and any general awareness by Riverbay that the floor was slip-

pery would not avail plaintiff (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325, 327 [2006]). Concur—Gonzalez, P.J., Andrias, Saxe, Renwick and Manzanet-Daniels, JJ.