■ Gladys Igbodudu-Edwards, Appellant, v Board of Managers of the Parkchester North Condominium, Inc., et al., Respondents. [963 NYS2d 76]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 15, 2012, which, in this personal injury action, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff does not contest defendants' and the motion court's reliance on the storm-in-progress doctrine (see *Pippo v City of New York*, 43 AD3d 303, 304 [1st Dept 2007]). Moreover, plaintiff's expert's affidavit fails to raise any triable issue of fact as to whether the alleged violation of the 1938 and 1968 New York City Building Codes, as to the configuration of the handrails of the stairs, was a proximate cause of plaintiff's accident. First, the expert's own affidavit disavows the applicability of these codes to these exterior stairs, given "the construction and location of the structure." Nor does the expert cite to any specific section for his proposition that the two handrails, being 109 inches apart, required an intermediate handrail. In any event, even assuming such a violation, given that plaintiff was holding the right-side handrail at the time she fell, it would require pure speculation to assume that had there been an intermediate handrail, she would have been able to grasp it as she fell, avoiding her injury (see *Ridolfi v Williams*, 49 AD3d 295, 296 [1st Dept 2008]; *Bitterman v Grotyohann*, 295 AD2d 383, 384 [2d Dept 2002]). Finally, the expert's conclusion that "[t]here was no handrail or other handhold within arm's reach to assist [plaintiff] in recovering her footing" was properly given no weight, as it is contrary to plaintiff's own testimony that she was holding onto the right handrail when she fell, and it is not supported by any applicable safety standards (see *Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]; *Criscenti v Verizon*, 99 AD3d 478 [1st Dept 2012]). Concur—Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.