Thompson-Shepard v Lido Hall Condominiums (2019 NY Slip Op 00576)





Thompson-Shepard v Lido Hall Condominiums


2019 NY Slip Op 00576


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, JJ.


8249 153404/13

[*1] Patricia Thompson-Shepard, etc., al., Plaintiffs-Appellants,
v
Lido Hall Condominiums, et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellants.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York (Christopher M. Yapchanyk of counsel), for respondents.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 25, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This action, brought to recover damages for injuries sustained by plaintiff's decedent (unrelated to his death) in a fall on a staircase, rests on "pure surmise" as to the cause of the accident (see Kane v Estia Greek Rest., 4 AD3d 189, 191 [1st Dept 2004]). It is undisputed that the accident was unwitnessed, and plaintiff's testimony, which was limited to after-the-fact observations, reflected that she did not know the cause of the accident.
Defendants waived their objection to the admissibility of plaintiff's expert's unsworn report by failing to raise it before the motion court (see Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]). However, in any event, the report does not raise a triable issue of fact (see Kane, 4 AD3d at 190; Mandel v 370 Lexington Ave., LLC, 32 AD3d 302 [1st Dept 2006]; Silva v 81st St. and Ave. A Corp., 169 AD2d 402, 404 [1st Dept 1991], lv denied 77 NY2d 810 [1991]). Plaintiff attempts to link the expert's opinion that the staircase contained irregular and excessive riser heights with her testimony that upon arriving at the scene of the accident she saw the decedent's leg lodged in a riser. However, her after-the-fact observation does not show that the decedent fell because of the purportedly defective riser. Moreover, insofar as the decedent's hearsay statements cited in the expert's report can be considered, the decedent did not say that he slipped for reasons related to the risers.
In view of the foregoing, it is immaterial whether or not defendants had actual or constructive notice of defective staircase conditions (see Dapp v Larson, 240 AD2d 918 [3d Dept 1997]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK