Manganiello v Vitanza (2022 NY Slip Op 06070)

Manganiello v Vitanza

2022 NY Slip Op 06070

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 150180/19 Appeal No. 16551 Case No. 2022-02316 

[*1]George Manganiello, Plaintiff-Appellant,
v
Michael Vitanza, Defendant-Respondent.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Kyle R. Silverstein of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered April 20, 2022, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff made a prima facie showing of his entitlement to partial summary judgment by submitting his deposition testimony, along with that of defendant and nonparty witness Dennis Weiss, establishing that plaintiff's fingers got caught in the winch of a coiling windlass of defendant's boat after defendant directed Weiss to activate it without first ascertaining whether plaintiff's hand was near the windlass (anchor retrieval) system (see Winegard v New York University Medical Center, 64 NY2d 851, 853 [1985]). Plaintiff need not demonstrate the absence of his own comparative fault in order to obtain partial summary judgment (see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]).
In opposition, defendant failed to raise a triable issue of fact, as he merely testified that he could not recall who had instructed Weiss to activate the windlass before the accident, and submitted no evidence that he was not the last person to do so (see Kane v Estia Greek Rest., 4 AD3d 189, 190 [1st Dept 2004]). In view of the foregoing, defendant's contention that there are issues of fact as to whether plaintiff may have known that defendant's vessel's windlass had malfunctioned on a prior occasion is insufficient to preclude summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022