| |
|---|
| **West v 375 HH LLC** |
| 2024 NY Slip Op 30345(U) |
| January 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157890/2019 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**

*Justice*

-------------------------------------------------------------------------X

JAMES VALENTINE WEST,

Plaintiff,

- v -

375 HH LLC, NTT SERVICES, L.L.C., PRITCHARD INDUSTRIES, INC., HINES INTERESTS LIMITED PARTNERSHIP,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 57M |
| INDEX NO. | 157890/2019 |
| MOTION DATE | 07/17/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85

were read on this motion to/for                    SUMMARY JUDGMENT                    .

## BACKGROUND

Plaintiff commenced this action seeking damages for personal injuries alleged suffered when he slipped and fell in the lobby of 375 Hudson Street, New York, New York.

375 HH, LLC is the owner of 375 Hudson Street, and Hines Interests Limited Partnership ("Hines") is the managing agent. NTT Services is the contractor providing maintenance services at in the building.

## PENDING MOTIONS

On August 17, 2023. Hines moved for summary judgment and dismissal of the complaint and cross claims against them, and for summary judgment on their cross-claims against co-defendants for contractual indemnification.

**157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON**
**Motion No.  001**

**Page 1 of 10**

1 of 10

On the same date, NTT Services and Pritchard Industries, Inc. cross-moved for summary judgment and dismissal of plaintiff's complaint, as well as dismissal of all cross-claims against them, including claims for contractual indemnification.

On October 9, 2023, the motion and cross-motion were fully briefed and marked submitted.

The motions are granted to the extent set forth below.

## ALLEGED FACTS

Plaintiff slipped and fell on April 30, 2019, at approximately 5:50 am.[1] At the time, Plaintiff was employed by Turner Construction as a Senior Safety Manager, with an office located on the 6th floor of the building.

NTT asserts that according to an official NOAA weather, it had rained during the early morning hours of and was drizzling at 5:50 am.

Plaintiff could not recall whether there was any precipitation or dampness outside the building on the sidewalks. Plaintiff walked into the building holding a closed umbrella which fell to the floor when he slipped.

Plaintiff's counsel asserts that it was not drizzling at the time, and that the court should not consider the weather report relied in by NTT because the weather report is for JFK airport and not comparable to the weather at the west side of Manhattan and the data is not interpreted by an expert. Plaintiff further argues that the report shows no precipitation at 5:50 am.

Plaintiff did not recall whether he took the train or his vehicle on the day of the accident, but either way, Plaintiff would have walked between a half block and a block to get to the building. Plaintiff met a co-worker, Michael O'Brien and entered the building through the main

---

[1] Plaintiff asserts it was 5:30 am but the time on the video indicates it was 5:48 am.

**157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON**          Page 2 of 10
**Motion No.  001**

entrance with O'Brien. The lobby was very clean. The video shows that runners/mats were laid out from the entrance all the way to the guard booth, and that Plaintiff stepped off the mat with his left foot and slipped and fell onto the marble floor.

Plaintiff testified that he does not know what caused him to fall. He speculated that it could have been from wax or dampness. Plaintiff testified that the floor was very slippery, but he didn't know why. Plaintiff testified that the floor looked remarkably clean and shiny, almost wet, like freshly waxed. The video, which does not show anything on the floor where Plaintiff fell. Plaintiff at no time noticed any wetness or moisture on his clothing after he fell.

NTT was the contractor providing cleaning and maintenance of the building. NTT was responsible for janitorial service for the lobby, including sweeping, mopping, spot mopping, placement of mats depending on the weather, placement of warning signs if floor wet from an unexpected condition, due to weather or after mopping. Plaintiff asserts that no signs were in place, warning that the floor was wet from cleaning. NTT asserts signs were in place that the floor could be wet because of the rain. The video shows signs in place, but what was written on the signs is not observable in the video.

Pritchard Industries fulfills NTT's contractual obligations at the building. NTT employees swept and mopped the floor nightly. Mopping was done with a mop and bucket owned by Pritchard Industries.

If a wet condition occurred within an area, including the lobby, NTT would spot mop just to soak up a spill or accumulation of tracked in water. NTT had a day crew and a night crew. The night shift works from 5:00 pm until 12:30 am. After 12:30 am, NTT had only one employee on premises until 7am. NTT's night crew would mop the lobby between the hours of 9 pm and 12 midnight. After midnight, there was no mopping done by NTT's lone employee within the

**157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON**
**Motion No.  001**

**Page 3 of 10**

3 of 10

[* 3]

building. If NTT was notified or observed any condition, wet or otherwise, NTT employees would address as needed including the spot mopping due to the tracking in of water from the outside.

On the day of the accident, prior to the accident, there had been no complaints of a wet or slippery condition on the lobby floor, NTT/PRITCHARD had not been asked to address or clean a wet or slippery condition on the lobby floor and NTT/PRITCHARD did not mop or wax the lobby floor on the morning of the accident nor were they called to do so.

Neither NTT nor PRITCHARD waxed the lobby floor at any time, nor does the contract for janitorial services include waxing the lobby floor. However, the owner does hire an outside company to do an annual "demonizing" treatment of the lobby floor.

The janitorial services contract contains an indemnification clause with the following language:

> Contractor shall…defend, indemnify and hold harmless…Owner/Owner's Agent…from and against all liability, claims, damages, losses and expenses, including, without limitation, reasonable legal fees and court costs, arising out of or alleged to arise out of the negligence or willful misconduct of the Contractor, its agents and/or employees or a breach of any of the terms of this Agreement by the Contractor, or from the negligent or willful misconduct of any Subcontractor or its agents and/or employees or a breach by a Subcontractor of any of the terms and conditions of its Subcontract…

## DISCUSSION

A party moving for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of material issues of fact (*Ostrov v Rozbruch*, 91 AD3d 147, 152 [1st Dept 2012], citing *Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Santiago v Filstein*, 35 AD3d 184, 185-186 [1st Dept 2006], *quoting Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; CPLR 3212 [b]). A failure to make such a showing requires denial of the motion,

157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON          Page 4 of 10
Motion No.  001

4 of 10

regardless of the sufficiency of the opposing papers (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]).

Once a *prima facie* showing has been made, however, "the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Mazurek v Metropolitan Museum of Art*, 27 AD3d 227, 228 [1st Dept 2006]*; Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *DeRosa v City of New York*, 30 AD3d 323, 325 [1st Dept 2006]).

When deciding a summary judgment motion, the court's role is solely to determine if any triable issues exist, not to determine the merits of any such issues (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). The court must view the evidence in the light most favorable to the nonmoving party, and give the nonmoving party the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]; *Grossman v Amalgamated Hous. Corp.*, 298 AD2d 224, 226 [1st Dept 2002]; CPLR 3212[b]).

### *Defendants Are Entitled to Summary Judgment on Plaintiff's Complaint Because Of Plaintiff's Inability to Identify a Condition That Caused Him To Fall*

A plaintiff's inability to identify the defective condition that caused plaintiff's fall is fatal to the action because a finding that the defendant's negligence, if any, proximately caused plaintiff's injuries would be based on speculation, *O'Connor v Metro Management Development, Inc.*, 130 AD3d 698 (2d Dept 2015); *Smith v Maloney*, 91 AD3d 1259 (3d Dept 2012); *Califano v Maple Lanes*, 91 AD3d 896 (2d Dept 2012); *Siegel v New York*, 86 AD3d 452 (1st Dept 2011); *see Kane v Estia Greek Restaurant, Inc.*, 4 AD3d 189, 772 NYS2d 59 (1st Dept 2004).

**157890/2019 WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON** **Page 5 of 10**
Motion No. 001

5 of 10

The rationale for this rule is that if a plaintiff cannot identify the defective condition, it is just as likely that the fall could have been caused by some factor for which the defendant is not responsible, e.g., misstep by plaintiff or loss of balance, *Califano v Lanes, supra*; *Oettinger v Amerada Hess Corp.*, 15 AD3d 654 638 (2d Dept 2005).

To satisfy the requirement, the plaintiff must identify the defect itself; mere identification of the approximate location of the accident is insufficient, *see Siegel v New York, supra*.

In this case, Plaintiff testified that he does not know why he slipped. He did not know if it was because the floor was wet or whether it had been recently cleaned. The only evidence Plaintiff provided was that he saw an item he believed was used to clean or buff floors in the corner of the lobby and he saw some uniformed personnel by the elevator.

The court finds that defendants have met their burden in establishing a *prima facie* entitlement to summary judgment and that plaintiff has failed to raise a triable issue of fact in response. Defendants met their initial burden of demonstrating that they neither created any hazardous condition nor had actual or constructive notice of the existence of any alleged condition. The evidence of the regular routine for cleaning the floors before midnight, and that they had never waxed the floors was sufficient to shift the burden to plaintiff to demonstrate the existence of questions of fact. *Raghu v New York City Housing Authority* 72 AD3d 480, 481-82 (1st Dept, 2010).

On a case on point, *Silber v Sullivan Properties* 182 AD3d 512 (1st Dept, 2020) the court held in pertinent part:

> …. plaintiff alleged that the accident was due to defendant's negligence in causing and allowing the building's entrance to be in an excessively wet, slippery, and hazardous condition. Plaintiff testified that, he did not see what had caused him to slip, either before or after he fell, but he believed the cause was the slippery marble door saddle at the top of the stairs coupled with the wet surface from the rain.

**157890/2019 WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON** **Page 6 of 10**
**Motion No. 001**

6 of 10

Defendant made a prima facie showing that there was no dangerous condition in existence when plaintiff slipped and fell, and that it was therefore entitled to summary judgment (*Ceron v Yeshiva Univ.*, 126 AD3d 630, 632 [1st Dept 2015]). Plaintiff's mere speculation about causation is inadequate to sustain a cause of action (*DaSilva v KS Realty, L.P.*, 138 AD3d 619, 620 [1st Dept 2016]). Even if plaintiff was unsure as to the cause of the accident, the record shows that defendant lacked notice of the existence of any dangerous condition (*see Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325, 327 [1st Dept 2006]; *see e.g. Perez v Abbey Assoc. Corp.*, 103 AD3d 573 [1st Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact.

*Silber v. Sullivan Properties, L.P.*, 182 A.D.3d 512, 512–13 (2020).

In a case on point the Appellate Division, First Department held:

It is well settled that the fact that a floor is slippery by reason of its smoothness or polish, in the absence of any proof of the negligent application of wax or polish, does not give rise to a cause of action, or an inference of negligence (*Thomas v Caldor's*, 224 AD2d 171; *Pizzi v Bradlee's Div.*, 172 AD2d 504; *Katz v New York Hosp.*, 170 AD2d 345). In the matter before us, the conclusory, self-serving and highly speculative allegations proffered by the plaintiff are insufficient to defeat Supreme Building's motion for summary judgment.

*Pagan v. Loc. 23-25 Int'l Ladies Garment Workers Union*, 234 A.D.2d 37, 38 (1st Dept., 1996). *See also Acunia ex rel. Salgado v. New York City Dep't of Educ.*, 68 A.D.3d 631, 632 (1st Dept., 2009)(*without specific allegations as to what precipitated plaintiff's fall, claim that negligence in maintaining the floor was the proximate cause of his injuries is speculation*); *Kudrov v. Laro Servs. Sys., Inc.*, 41 A.D.3d 315 (1st Dept., 2007) (*plaintiff's testimony that she slipped and fell on a "shiny, slippery" floor did not give rise to inference of negligence and insufficient to defeat summary judgment*); *Villa v. Prop. Res. Corp.*, 137 A.D.3d 454 (1st Dept., 2016)(*defendants met burden of demonstrating that no waxy residue was on the floor through their testimony that the floor was never waxed, but mopped daily, plaintiff's testimony that she saw buffing machine used*

**157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON**
**Motion No.  001**

**Page 7 of 10**

[* 7]

*the day before she fell, and her claim that the wetness she felt on her pants and hands after she fell smelled like "wax or ammonia," insufficient to raise an issue of fact*).

Additionally, as to NTT and Pritchard, Plaintiff failed to respond to the argument that these defendants owed plaintiff no duty as they are independent contractors, plaintiff did not argue any exceptions apply under *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136 (2002) and plaintiff did not show these defendants created a dangerous condition.

Based on the foregoing the motions of all defendants for summary judgment and dismissal of plaintiff's complaint are granted.

### Hines' Motion for Summary Judgment on its Contractual Indemnification Crossclaim Is Denied and The Cross-Motion to Dismiss The Crossclaim Is Granted

Contractual indemnification is generally decided as a matter of law. A party is entitled to full contractual indemnity provided the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances. *Drzewinski v. Atlantic Scaffold & Ladder Co., Inc.*, 70 N.Y.2d 216 (1987).

The subject indemnification clause contains the following language:

To the fullest extent permitted by law, the Contractor shall protect, defend, indemnify and hold harmless the Owner…from and against all liability, claims, damages, losses and expenses, including, without limitation, reasonable legal fees and court costs, arising out of or alleged to arise out of the negligence or willful misconduct of the Contractor, its agents and/or employees or a breach of any of the terms of this Agreement…

As noted above, the Court has found the evidence in the record in sufficient to establish any negligence on the part of either defendants. While the contract also contains the language that claims "alleged to arise out of negligence" would form a basis for indemnification, Plaintiff's allegations in this case were insufficient to allege that his claim arose out of NTT's negligence, as his only real allegation was that the floor was shiny and slippery.

**157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON**
**Motion No.  001**

**Page 8 of 10**

8 of 10

[* 8]

The cases relied upon by Hines, *Rogers v. Rockefeller Group Intl., Inc.* 38 A.D.3d 747 (2nd Dept. 2007); *Mormille v. Jamestown Mgt. Corp.*, 21 Misc.3d 1129(A) (Sup. Ct., Kings Cty 2008) are distinguishable from the case at bar, as in those cases a condition was actually identified and undisputed to be in existence, in one case there was active mopping going on, and in another there was rain, in this case, we essentially only have the allegation of a shiny slippery floor.

Based on the foregoing Hines' motion for summary judgment on the crossclaims is denied and NTT's motion to dismiss the crossclaims is granted.

WHEREFORE it is hereby:

ORDERED that the defendants' motions for summary judgment and dismissal of the complaint are granted and the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that all cross-claims are dismissed; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly; and it is further

ORDERED that, within 20 days from entry of this order, defendants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the ***Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*** (accessible at the "E-Filing" page on the court's website at the addresswww.nycourts.gov/supctmanh);]; and it is further

**157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON**              **Page 9 of 10**
**Motion No.  001**

9 of 10

[* 9]

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied.

This constitutes the decision and order of this court.

20240130113223SBKRAUSCD957A06C1AA4DFC9E24BBC3EA654A7D

| 1/30/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** | |

CHECK ONE:

| | | | |
|---|---|---|---|
| **X** CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | **X** GRANTED IN PART | ☐ OTHER |

**157890/2019   WEST, JAMES VALENTINE vs. NEW REMAINDERMAN 375 HUDSON**
Motion No.  001

Page 10 of 10