L.B. v City of New York (2025 NY Slip Op 01600)

L.B. v City of New York

2025 NY Slip Op 01600

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-06997
 (Index No. 526664/19)

[*1]L. B., etc., et al., appellants, 
v
City of New York, et al., respondents.

Michael Troiano, Brooklyn, NY (Louis R. Lombardi of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Amy McCamphill of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated April 26, 2023. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
On the evening of August 10, 2019, the infant plaintiff, then five years of age, went with his father to the Bath Playground located in Brooklyn. While at the playground, the infant plaintiff allegedly was injured when he tripped and fell due to a height differential between two adjacent pieces of safety matting that made up the ground cover in the area where the infant plaintiff was playing.
The infant plaintiff, by his mother, and his mother suing derivatively, commenced this action against the defendants, City of New York and New York City Department of Education, inter alia, to recover damages for personal injuries. The plaintiffs alleged, among other things, that the defendants were negligent in failing to properly maintain the playground area at issue and in allowing a dangerous and/or defective condition to exist thereat. Subsequently, the defendants moved for summary judgment dismissing the amended complaint. By order dated April 26, 2023, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
The evidence submitted in support of the defendants' motion included, inter alia, the deposition testimony of a park supervisor, records of regular monthly inspections and repairs of the playground, and an affidavit from a legal liaison at the Department of Parks & Recreation of the City of New York. This evidence revealed that the park was regularly inspected and repaired, and that the City had received no prior complaints concerning the safety of the park or the condition that allegedly caused the infant plaintiff's fall. This evidence was sufficient to establish the defendants' prima facie entitlement to judgment as a matter of law on the issues of notice and creation of the alleged condition and, thus, on the issue of whether the defendants maintained the playground, including the safety matting in the area of the playground where the accident allegedly occurred, in a reasonably safe condition (see Giulini v Union Free Sch. Dist., 70 AD3d 632, 633; Padden v County of Suffolk, 52 AD3d 663, 664).
In opposition, the plaintiffs failed to raise a triable issue of fact. In support of their opposition, the plaintiffs principally relied on an affidavit of their expert, which failed to establish the condition of the safety matting at the time of the accident. Importantly, the plaintiffs' expert's on-site inspection of the accident location was conducted more than three months after the accident, and there was no showing that the area measured and examined by the expert was in the same condition as it was on the date of the accident (see Goldin v Riverbay Corp., 67 AD3d 489, 490; McCarthy v State of New York, 167 AD2d 516, 517; see also Mammina v State of New York, 230 AD3d 478, 480).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court