(November 16, 1995)

■ EVA SAS, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK LIFE INSURANCE COMPANY, Appellant. (And a Third- and Fourth-Party Action.) [633 NYS2d 313] —Order, Supreme Court, New York County (Walter Tolub, J.), entered May 24, 1995, which denied defendant third-party plaintiff New York Life Insurance Company's motion for summary judgment dismissing the complaint and all cross-claims as against it, is unanimously reversed, on the law, and the motion is granted, without costs. The Clerk is directed to enter judgment dismissing the complaint and cross-claims as against defendant-appellant.

The plaintiff-respondent seeks damages for personal injuries alleged to have resulted from a fall on the sidewalk on East 28th Street between Park Avenue and Madison Avenue.

Defendant-appellant New York Life Insurance Company owns the building adjacent to the sidewalk where plaintiff allegedly fell. The Supreme Court denied New York Life's motion for summary judgment on the ground that a factual question is presented whether the sidewalk was constructed by New York Life. We hold that the issue of who built the sidewalk is immaterial (see, Blais v St. Mary's of Assumption R. C. Church, 89 AD2d 653). Under Blais, it is clear that the issue is not who constructed the sidewalk, but who has the duty to maintain it. New York Life made no special use of the sidewalk. The New York Life building is set back from the sidewalk with a plaza between the building and a retaining wall that abuts the sidewalk, which is of normal width. The fact that New York Life erected a retaining wall at its border with the sidewalk instead of building right up to the boundary does not constitute a special use of the sidewalk because there is no intrusion or obstruction of the sidewalk (see, Tortora v Pearl Foods, 200 AD2d 471). New York Life was under no duty to repair the allegedly raised portion of the sidewalk where plaintiff claims that she fell (see, Surowiec v City of New York, 139 AD2d 727). Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.