■ MARTHA HALLAS, Respondent, v NEW YORK UNIVERSITY, Appellant. [687 NYS2d 160] —Order, Supreme Court, New York County (Howard Silver, J.), entered on or about January 29, 1998, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff claims to have sustained injuries from tripping and falling on a defective sidewalk adjacent to defendant's premises in May 1991. It is well settled that a land owner does not owe a duty to the public to maintain a public sidewalk solely because it abuts the owner's property (*Nuesi v City of New York*, 205 AD2d 370). Since the sidewalk area was not put to a special use by defendant (*see, Granville v City of New York*, 211 AD2d 195), liability would require proof that it created the defect or was responsible for the sidewalk's maintenance (*supra*). During discovery, plaintiff sought information concerning whether defendant had constructed the sidewalk. Defendant was unable to ascertain that it had constructed the sidewalk, and could locate neither documentation nor personnel indicating such. However, in view of the City's subsequent reconstruction and repair of the sidewalk area in 1990, information about the original construction, which was not the cause of the accident, is not germane to this action. Moreover, we have noted that the material inquiry, when the injury arises from a defect not related to construction, involves identification of the party responsible for maintaining the sidewalk (*Sas v City of New York*, 221 AD2d 216). Since evidence adduced in connection with the motion indicated that the City, and not the defendant, had conducted repair work in the general area prior to plaintiff's fall, and since plaintiff presented no evidence tending to refute defendant's assertions that defendant had not repaired the sidewalk, while at the same time plaintiff alleged that the sidewalk repair where she fell appeared to be new, we concluded that plaintiff has failed to present any evidence connecting defendant either with the defect or with responsibility for maintaining the sidewalk.

Accordingly, summary judgment should have been granted to defendant. Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.