■ GLEN RUDNER, Appellant, v NEW YORK PRESBYTERIAN HOSPITAL, Respondent. [840 NYS2d 319]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered March 29, 2005, which granted defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

Although plaintiff's decedent alleged in her bill of particulars that she fell in the doorway at the main entrance to defendant's premises because of a rise in the door's saddle, her deposition testimony that she did not know what caused her to fall as she passed through the doorway and that she just assumed it was something that caught the front of her shoe, prima facie establishes defendant's entitlement to judgment as a matter of law (*see Fishman v Westminster House Owners, Inc.*, 24 AD3d 394 [2005]). In opposition to the motion, the only evidence adduced tending to support plaintiff's claim of a raised door saddle were the affidavits of plaintiff's attorney and the latter's girlfriend that several weeks after the accident they observed that the door saddle in question was about three quarters of an inch higher on the right side than the center and left side. These affidavits fail to raise a triable issue of fact as they would require a jury to speculate as to the existence of the alleged defective door saddle at the time of the accident (*see Kane v Estia Greek Rest.*, 4 AD3d 189, 190-191 [2004]), and also because they are rendered immaterial by plaintiff's decedent's deposition testimony that as she approached this swinging door, an unidentified man, who was holding the door open for her, was standing to her right straddling the threshold, requiring her to move to her left to get through the doorway. Concur—Mazzarelli, J.P., Andrias, Gonzalez and Sweeny, JJ.

McGuire, J., dissents in a memorandum as follows: In my view, triable issues of fact exist warranting the denial of defendant's motion for summary judgment dismissing the complaint. Accordingly, I respectfully dissent.

Plaintiff's decedent, Frances Rudner, tripped and fell while exiting defendant's premises. The accident occurred when Ms. Rudner, while crossing the threshold of an outer door to the premises, caught her foot on the threshold, tripped and fell onto the sidewalk abutting the premises. In her deposition, Ms. Rudner stated she did not think she made it through the outer door as "my foot got caught at that point and I went sprawling." As she went on to state, "I was coming over the threshold [of the outer door], I think, and my foot got caught, the front of my foot got caught . . . ." Asked if she "kn[e]w" what caught her foot, Ms. Rudner answered, "No. I couldn't even turn around to see." According to the affidavit and deposition testimony of a security officer employed by defendant, Ms.

Rudner told the officer that she tripped on the threshold of the outer door and that she pointed to the metal door saddle on the threshold of that doorway. Similarly, the accident report prepared by the security officer noted that "[Ms. Rudner] stated she tripped on the threshold in the main entrance . . . while exiting hospital."

Finally, both plaintiff's counsel and plaintiff's counsel's girlfriend, Cathy Lembert, submitted affidavits in opposition to defendant's motion for summary judgment. They both stated that a few weeks after the accident, but before a renovation to this particular entrance and exit occurred, they went to the hospital and observed that the saddle on the outer doorway was significantly higher on the right-hand side, approximately three quarters of an inch higher. By contrast, the center and left-hand side of the door saddle was, as Ms. Lembert stated, "fairly flush" with the floor.

Considering Ms. Rudner's deposition testimony in its entirety, viewing the evidence in the light most favorable to plaintiff, the party opposing summary judgment, and drawing all reasonable inferences in his favor (*see Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920 [2005]), defendant failed to demonstrate that Ms. Rudner could not identify the defective condition that caused her accident. Ms. Rudner's candid acknowledgment that she did not "know" what caught her foot does not negate the reasonableness of the inference that she caught her foot on the raised portion of the door saddle described by her attorney and Ms. Lembert.

Additionally, defendant failed to make a prima facie showing of entitlement to judgment as a matter of law on the ground that the door saddle did not constitute an actionable defect. The conclusory averment of the security officer that he looked at the door saddle after Ms. Rudner's accident and "did not observe anything about the door saddle which [he] considered to be a tripping hazard" is uninformative. The only other evidence on this score adduced by defendant was a photograph taken of the door saddle 2½ years after the accident that actually depicts a protrusion in the door saddle (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] ["whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (internal quotation marks omitted)]). Again, viewing the evidence in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, I cannot conclude, as a matter of law, that the door saddle was not hazardous (*see Nin v Bernard*, 257 AD2d 417 [1999]).

*Accordingly, I would reverse the order, deny the motion and reinstate the complaint.*