■ MAUREEN ADAMO et al., Appellants, v NATIONAL RAILROAD PASSENGER CORP. et al., Respondents. [897 NYS2d 85]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 3, 2008, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Maureen Adamo tripped and fell as she was ascending the stairs of a stopped escalator at Manhattan's Penn Station; she attributed the accident to the uneven spacing of the escalator's risers or steps. Following discovery, defendants satisfied their initial burden of showing, prima facie, the absence of material issues of fact by demonstrating, through competent evidence in the form of deposition testimony from the injured plaintiff, defendant Long Island Railroad's (LIRR) assistant facility master and Amtrak's building and bridges foreman at Penn Station, that the only problem with the stationary escalator was its need for a handrail replacement; that since a new part had not been immediately available on site, one had been ordered; that it was up to the passengers to choose whether

they wished to use the escalator as a stairway; that protocol required the placement of barricades only in front of escalators that were in the process of actual repair; that the injured plaintiff, who had an unobstructed view of the steps, must have been aware that the escalator was stationary but discerned nothing else unusual about it; that she also must have been cognizant of the configuration of the escalator, including its height differentials in the steps near the exit point because she had traveled on them on many occasions; and that her trip and fall was not caused by any defect in either the handrail or the step over which she tripped.

In *Schurr v Port Auth. of N.Y. & N.J.* (307 AD2d 837 [2003]), where the fact pattern was remarkably similar to the case at bar, this Court concluded (at 838) that the record contained "no evidence warranting the inference that the stopped escalator posed a reasonably foreseeable hazard to those who, like plaintiff, used it in the manner of a staircase to reach the next floor," since the "spacing of the stationary escalator risers was open and obvious." Plaintiffs seek to distinguish *Schurr* by the expert evidence they have proffered that defendants' failure to barricade the escalator violated industry safety standards and/or specific building and fire code rules and regulations, as well as LIRR internal operating rules. However, none of the provisions set forth in their expert's affidavit or other submitted material suggests that the mere act of walking up and down a stopped escalator is unsafe or that the uneven spacing of risers or steps near the top or bottom somehow creates a dangerous condition. The temporarily stationary stairway did not present a reasonably foreseeable hazard (*see generally Jones v Presbyterian Hosp. in City of N.Y.*, 3 AD3d 225 [2004]), particularly in the absence of any allegation that it was in ill repair (other than the defective handrail, which plaintiffs have conceded was not causative), or that any of the steps, including the one on which she tripped, was defective or covered with debris.

We have considered plaintiffs' remaining arguments, including reliance on the doctrine of res ipsa loquitur, and find them unavailing. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.