■ JOAN C. SIEGEL, as Administrator of the Estate of JEROME SIEGEL, Deceased, Appellant, v CITY OF NEW YORK et al., Defendants, and EMPIRE CITY SUBWAY COMPANY (LIMITED), Respondent. (And a Third-Party Action.) EMPIRE CITY SUBWAY COMPANY (LIMITED), Second Third-Party Plaintiff, v WESTMORE-

LAND CONSTRUCTION, INC., Second Third-Party Defendant-Respondent. [928 NYS2d 1]—

Plaintiff's decedent was injured on May 7, 2001 when he fell in the roadway while crossing at the intersection of 68th Street and York Avenue in Manhattan. He commenced the instant personal injury action alleging that defendants, Empire City Subway Company (ECS) and Westmoreland Construction, Inc. (Westmoreland), who had previously performed work in that area, negligently maintained the roadway and/or created the defective condition that caused his fall.*

At his deposition, the decedent testified that he stepped onto uneven pavement, but did not recall looking down, and did not see any defect in the roadway. The decedent testified that although he began to cross in the designated crosswalk, he changed direction to walk diagonally when he saw an opportunity to cross to a different corner.

The decedent testified as to the general direction he was walking and the side of the street where he fell, but not the actual path he took through the intersection. When asked to identify the defect in a photograph of the roadway, he said, "I am not sure. I'm really not sure." However, in a second photograph, he circled two depressions or cracks. He testified that he was able to identify the defect in the second photograph because he recognized the approximate location where he fell on the eastern side of the street.

A local manager of operations at defendant ECS testified at deposition that ECS performed conduit installation work at the intersection and retained Westmoreland to excavate a two-foot-

---

* The decedent died on March 14, 2010 and there is no indication that his death is related to this accident which occurred nine years prior. Joan C. Siegel was appointed as administrator of his estate on November 17, 2010 and was subsequently substituted as a plaintiff in this case.

wide trench, install fiber optic cable, and restore the roadway in September 1997 and April 1998. He further testified that markings on the asphalt indicated that Consolidated Edison utilities run under the purported defect identified by plaintiff, and that ECS's conduit runs parallel and adjacent to the defect. He further testified that the purported defect, described by Westmoreland as a "sink hole," could have been caused by any occurrence that disturbed the sub base of the roadway including a water main break, sewer problems, or soil compaction.

Defendant Westmoreland submitted evidence that there had been a water main leak at the intersection four months prior to the date of plaintiff's accident. The president of Westmoreland testified that the "sink hole" did not appear to be part of the ECS trench.

Although evidence established that the depression or cracks were subsequently patched, a court-ordered search for postaccident repair records from both ECS and Westmoreland showed that the repair was not performed by either defendant. A representative of defendant City of New York testified at deposition that when restoration paving work is found to be defective, including "sinkage," the City issues a request for corrective action to the permittee. The City's representative further testified that a search of its records showed that there were no corrective action requests made in connection with restoration work in the area where the decedent's accident allegedly occurred.

On December 17, 2007, ECS moved for summary judgment dismissing the complaint and all cross claims against it. Four days later, Westmoreland cross-moved for summary judgment dismissing the second third-party complaint.

On May 2, 2008, the motion court granted ECS's and Westmoreland's motions on the grounds that plaintiff failed to raise a triable issue of fact because he was unable to identify the defect, and failed to submit evidence that properly authenticated his photographs. Plaintiff moved to reargue and renew, but the motion was denied on September 22, 2008.

For the reasons set forth below, the motion court correctly determined that defendants are entitled to summary judgment dismissal of the complaints against them. It is well settled that a defendant is entitled to summary judgment as a matter of law when a plaintiff provides testimony that he or she is unable to identify the defect that caused his or her injury (*see Rudner v New York Presbyt. Hosp.*, 42 AD3d 357 [2007]; *Reed v Piran Realty Corp.*, 30 AD3d 319 [2006], *lv denied* 8 NY3d 801 [2007]; *Fishman v Westminster House Owners, Inc.*, 24 AD3d 394 [2005]). In this case, the decedent's deposition testimony

indicated that he circled the defect in the photograph based on his recognition of the approximate location where he fell—not his recognition of the defect itself. This basis for identification of the defect amounts to the type of "rank speculation" that generally warrants summary judgment dismissal (*see e.g. Kane v Estia Greek Rest.*, 4 AD3d 189 [2004]; *Burnstein v Mandalay Caterers*, 306 AD2d 428 [2003]).

Even had the decedent positively identified the "sink hole" as the defect that caused him to fall, he nevertheless failed, in opposition to defendants' summary judgment motions, to raise a triable issue of fact as to whether defendants caused or created the defect (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). A plaintiff's "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat a defendant's motion for summary judgment (*id.* at 562).

In the instant case, plaintiff argues that the proximity of the ECS conduit to the alleged defect raises questions as to whether defendants' work caused the defect. This argument is unpersuasive, particularly in light of the three years that elapsed between the installation of the conduit and the decedent's fall. Plaintiff's unsupported assertion that it could have been defendants' conduit rather than that of Consolidated Edison or the water main break that caused the purported defect is mere conjecture and fails to raise a triable issue of fact (*see e.g. Ortner v City of New York*, 50 AD3d 475 [2008]; *Flores v City of New York*, 29 AD3d 356 [2006]; *DiPierro v City of New York*, 25 AD3d 306 [2006]; *Robinson v City of New York*, 18 AD3d 255 [2005]; *Hallas v New York Univ.*, 259 AD2d 444 [1999]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Manzanet-Daniels, JJ.