■ MELISSA SMITH, Appellant, v CITY OF NEW YORK et al., Respondents. [936 NYS2d 178]—

Plaintiff testified at her deposition that she had "no idea" how she tripped and fell and she could not identify or mark on photographs the specific rise, declivity or defective condition of

the sidewalk that caused her accident. She stated that she did not feel her foot go into a depression, catch or strike anything, slip, or slide. Citing this testimony, defendants sustained their burden of demonstrating entitlement to summary judgment as a matter of law because a jury would have to engage in impermissible speculation to determine the cause of the accident (*see Siegel v City of New York*, 86 AD3d 452, 454-455 [2011]; *Fishman v Westminster House Owners, Inc.*, 24 AD3d 394 [2005]; *Rudner v New York Presbyt. Hosp.*, 42 AD3d 357, 358 [2007]).

The doctrine of res ipsa loquitur, which requires a showing that the event is the kind which ordinarily does not occur in the absence of someone's negligence, was caused by an agency or instrumentality within the exclusive control of defendant, and was not due to any voluntary action or contribution on the part of the plaintiff (see *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]), is inapplicable here because it is not uncommon for trips and falls to occur without negligence where there is a misstep or loss of balance, and because the area where the accident occurred was not in the exclusive control of any defendant. Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 31139(U).]**