■ TANYELLE WASHINGTON, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [945 NYS2d 87]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 17, 2010, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff allegedly slipped and fell on an internal staircase in the Bayard Rustin Educational Complex building in Manhattan, where she worked as a school safety agent. In her notice of claim, she alleged that she "tripped/slipped and fell" on a "substance" and that the staircase was "unclean, dirty and contained a substance for an unreasonable amount of time." Although she could not identify what caused her to fall during her 50-h hearing, she alleged in her subsequently filed verified bill of particulars that she slipped and fell "on an unknown liquid substance," and that the subject stairwell was "dirty, slippery, [and] wet." While discovery was still outstanding, defendant moved for summary judgment dismissing the complaint.

Defendant established prima facie entitlement to summary

judgment by pointing to plaintiff's 50-h hearing testimony that she did not know what caused her to fall (*see Fernandez v VLA· Realty, LLC*, 45 AD3d 391 [2007]; *Reed v Piran Realty Corp.*, 30 AD3d 319, 320 [2006], *lv denied* 8 NY3d 801 [2007]). Plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The assertions in her bill of particulars and affidavit that she slipped on a wet and slippery condition caused by an "unknown liquid" or "semi-liquid" substance, submitted in opposition to defendant's motion for summary judgment, contradict her prior 50-h hearing testimony that she did not know what caused her to fall. Her claim that she thought the examining attorney was asking if she knew exactly what caused the accident is unpersuasive, especially in view of the fact that the examining attorney had asked her multiple times and in various ways *if she knew what she slipped on*. Each time, plaintiff responded that she did not know or had "no clue." Because the affidavit and bill of particulars can only be considered to avoid the consequences of her prior testimony, they are insufficient to raise an issue of fact (*see Fernandez*, 45 AD3d 391).

Plaintiff's contention that defendant's summary judgment motion is premature is unavailing. She claims that requested incident reports and maintenance records, in conjunction with her testimony that she slipped on "something," could prove that a foreign substance was on the stairs where she fell. However, the mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during discovery is insufficient to deny the motion (*Frierson v Concourse Plaza Assoc.*, 189 AD2d 609, 610 [1993]). Even if the requested records could establish existence of a foreign substance on the stairs, such evidence, alone, is insufficient to support a reasonable inference that the condition resulted from defendant's negligence or proximately caused plaintiff's accident (*see Acunia v New York City Dept. of Educ.*, 68 AD3d 631 [2009]; *Reed*, 30 AD3d at 320; *Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [2004]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 31638(U).]**