◼ Janet Morrissey, Appellant, v New York City Transit Authority, Respondent. [953 NYS2d 503]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered August 2, 2011, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant demonstrated its entitlement to summary judgment by submitting plaintiff's testimony establishing that she was unable to identify the cause of her injury and could only speculate as to the cause (see Smith v City of New York, 91 AD3d 456, 456-457 [1st Dept 2012]). To the extent her affidavit in opposition to defendant's motion varies from her testimony at the General Municipal Law § 50-h hearing and deposition, it must be regarded as tailored to avoid the consequences of that earlier testimony, and is therefore insufficient to raise an issue of fact (see Washington v New York City Bd. of Educ., 95 AD3d 739, 740 [2012]).

As plaintiff's expert opinion is based on plaintiff's speculative testimony, it too is speculative and therefore insufficient to raise an issue of fact. Nor does the inconsistency regarding the heights of the risers on the stationary escalator raise the inference that defendant was negligent (see Adamo v National R.R. Passenger Corp., 71 AD3d 557, 558 [1st Dept 2010], lv denied 15 NY3d 704 [2010]).

The doctrine of res ipsa loquitur is inapplicable to the facts of this case, since trips and falls are not the kinds of events that ordinarily occur absent someone's negligence (see Smith, 91 AD3d at 457). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.