■ SANTIA FIGUEROA, Respondent, v CITY OF NEW YORK, Defendant, 2465 GRAND CONCOURSE PROPERTY, INC., Respondent, and FORDHAM ROAD BUSINESS IMPROVEMENT DISTRICT, Appellant. SANTIA FIGUEROA, Respondent, v CITY OF NEW YORK et al., Defendants, and 2465 GRAND CONCOURSE PROPERTY, INC., Appellant. [5 NYS3d 62]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered September 14, 2012, which, to the extent appealed from, denied defendant Fordham Road Business Improvement District's (BID) motion for summary judgment dismissing the complaint as against it with leave to renew after the EBT of defendant BID, unanimously affirmed, without costs. Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 6, 2014, which denied defendant 2465 Grand Concourse Property, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

We affirm the motion court's denial of BID's motion for summary judgment with leave to renew after the EBT of a BID representative. CPLR 3212 (f) provides that "[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion." In accordance with the statute, this Court has held that a motion for summary judgment should be denied as premature where the movant has yet to be deposed (see e.g. *241 Fifth Ave. Hotel, LLC v GSY Corp.*, 110 AD3d 470, 472 [1st Dept 2013]); *Brooks v Somerset Surgical Assoc.*, 106 AD3d 624, 624-625 [1st Dept 2013] ["(a)lthough Dr. Sohn submitted an affidavit stating that he was not present at the moment of plaintiff's fall (from the operating table), his motion for summary judgment was properly denied as premature, because essential facts concerning the cause of plaintiff's accident and the relationship between Dr. Sohn (and another doctor defendant) are exclusively within the possession of defendants and might well be disclosed by (EBT) or through cross-examination"]; *Cannon v New York City Police Dept.*, 104 AD3d 454, 454 [1st Dept 2013] ["It was premature to consider defendants' cross motion for summary judgment before plaintiff deposed (defendants). Those examinations might have led to additional information and discovery, none of which plaintiff had been able to obtain or compel prior to the court's decision on the cross motion"]).

Although the deputy executive director of the BID submitted an affidavit in support of the motion, he does not attest how long he has been in the position, whether he performed any document or other searches to confirm his information, or whether he has any personal knowledge of the operative events, namely, the placement of the paving stones in the sidewalk area. He denies that the BID has responsibility for "sidewalk construction and/or sidewalk structural mainte-

nance," "physical repair work," "structural work," and "installation] [of] tree wells and metal grates," but does not include within this explicit denial responsibility for the paving stone/blocks or for maintenance of the tree wells and metal grates. His silence leaves open the possibility that the paving stones constitute "capital improvements," which are expressly included within the scope of BID's contract with the City, as opposed to "structural work."

Further, the building property manager of defendant 2465 Grand Concourse Property, Inc., testified that it was his understanding that the BID was responsible for the paving stones throughout the neighborhood, including in the area where plaintiff fell.

On its motion, 2465 Grand Concourse failed to establish prima facie that the alleged defect on the sidewalk abutting its property was not the cause of plaintiff's fall (see Bivins v Zeckendorf Realty, 289 AD2d 123 [1st Dept 2001]). In contrast to the cases it relies on, in which the plaintiffs could not identify the defects that caused their accidents, plaintiff testified consistently that she tripped on a raised portion of the sidewalk abutting 2465 Grand Concourse's premises, felt the raised portion and instantly realized the cause of her fall, and that she identified the location as near a metal grate and tree well depicted in photographs (see e.g. Siegel v City of New York, 86 AD3d 452 [1st Dept 2011]; Rudner v New York Presbyt. Hosp., 42 AD3d 357 [1st Dept 2007]). That plaintiff could not pinpoint the exact location of her fall in the photographs, that she clarified her testimony upon further questioning, and that her pleadings and her grandson's testimony identify another possible cause of her fall do not render her testimony speculative. Concur—Tom, J.P., Saxe, Manzanet-Daniels, Gische and Clark, JJ.