Guo Ping Li v Overseas Partnership Co., Inc. (2019 NY Slip Op 07726)





Guo Ping Li v Overseas Partnership Co., Inc.


2019 NY Slip Op 07726


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10213 156029/16

[*1] Guo Ping Li, Plaintiff-Respondent,
v
Overseas Partnership Co., Inc., Defendant-Appellant, 
[And A Third-Party Action]


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant.
Law Office of Gary S. Park, P.C., Flushing (Gary S. Park of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 21, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish its prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when he tripped and fell on an uneven surface of the sidewalk abutting defendant's premises (see Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC , 99 AD3d 448, 450 [1st Dept 2012]). Plaintiff testified that two sections of the sidewalk had a difference in height, and identified the location as approximately 12 to 18 inches behind a traffic signal pole (see Figueroa v City of New York, 126 AD3d 438, 440 [1st Dept 2015]). Plaintiff's inability to pinpoint the exact location of his fall in photographs does not render his testimony speculative (see id. at 440). Any inconsistencies in plaintiff's testimony as to the cause of his fall are for the jury's credibility determination (see DiGiantomasso v City of New York, 55 AD3d 502, 503 [1st Dept 2008]). Nor did defendant establish its entitlement to summary judgment by submitting the affidavit of its expert, whose inspection of the sidewalk occurred three years after the accident occurred and after the sidewalk had been fixed (see Figueroa v Haven Plaza Hous. Dev. Fund Co., 247 AD2d 210 [1st Dept 1998]).
Defendant's argument that it did not create or cause the dangerous condition and did not have notice of it is unpreserved, since it is raised for the first time on appeal (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]). In any event, the argument is unavailing, as it is based
upon a property manager's vague testimony which was insufficient to show the absence of constructive notice (see Joachim v AMC Multi-Cinema, Inc., 129 AD3d 433 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK