Shapiro v 89th St. Dev. Co. LLC (2023 NY Slip Op 05211)

Shapiro v 89th St. Dev. Co. LLC

2023 NY Slip Op 05211

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 153428/18 Appeal No. 789 Case No. 2023-01830 

[*1]Barbara Cover Shapiro, Plaintiff-Respondent,
v
89th Street Development Company LLC, et al., Defendants-Appellants, Signature Styles Salon East LLC, Defendant.
89th Street Development Company LLC, et al., Third-Party Plaintiffs-Appellants,
v
1575 3rd Avenue Associates LLC, Third-Party Defendant.

Mischel & Horn, P.C., New York (Nicholas Bruno of counsel), for appellants.
Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville (Clifford D. Gabel of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about February 27, 2023, which, to the extent appealed from as limited by the briefs, denied defendant 89th Street Development Company LLC's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant was not entitled to dismissal of the complaint on the basis that the alleged defect on the sidewalk abutting its property was not the cause of plaintiff's fall (see Figueroa v City of New York, 126 AD3d 438, 440 [1st Dept 2015]). In contrast to the cases defendant relies upon (see Glueck v Starbucks Corp., 173 AD3d 450, 451 [1st Dept 2019]; Siegel v City of New York, 86 AD3d 452, 454 [1st Dept 2011]), plaintiff consistently and unequivocally testified that she tripped on an uneven sidewalk abutting 1577 Third Avenue, and she immediately realized that a raised sidewalk flag extending about an inch above its adjoining flag had caused her fall. At her deposition, plaintiff then pinpointed the alleged defect by indicating its location in photographs of the sidewalk, which depicted a raised sidewalk flag.
Defendant also was not entitled to summary judgment on the basis that the alleged defect was trivial (compare Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]) with Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]. In light of plaintiff's testimony, photos of the accident location, and the conflicting expert affidavits on the height differential of the sidewalk flags (see Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]), the court properly concluded that triable issues of fact remained as to whether the defect was trivial (see Narvaez v 2914 Third Ave. Bronx, LLC, 88 AD3d 500, 501 [1st Dept 2011]). In particular, while defendant's expert testified that the height difference between the two sidewalk flags was one quarter of an inch and was trivial, plaintiff's expert concluded that the height difference was three quarters of an inch and presented a tripping hazard. Moreover, defendant waived any objection to plaintiff's expert's affidavit as untimely or speculative because he failed to object to its consideration in connection with the motion for summary judgment (see Akamnonu v Rodriguez, 12 AD3d 187, 187 [1st Dept 2004]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023