**Great N. Ins. Co. v Collosus Enters. Corp.**

2023 NY Slip Op 34580(U)

December 29, 2023

Supreme Court, New York County

Docket Number: Index No. 153964/2020

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. DAKOTA D. RAMSEUR** | PART **34M** |
| *Justice* | |

-----------------------------------------------------------------------------X

GREAT NORTHERN INSURANCE COMPANY A/S/O DORI LERNER AND SCOTT STREICHER, GREAT NORTHERN INSURANCE COMPANY A/S/O ROBERT ANNIBALE AND EDESIO FERNANDES, GREAT NORTHERN INSURANCE COMPANY A/S/O ERIC BIEBER AND ELIZABETH BIEBER, PACIFIC EMPLOYERS INSURANCE COMPANY A/S/O MICHAEL COOPERSMITH AND ELLYN T WESTON, CHUBB INDEMNITY INSURANCE COMPANY A/S/O RICHARD DEMAR AND FANNY DEMAR, PACIFIC EMPLOYERS INSURANCE COMPANY A/S/O STEPHEN C. GERARD AND JANE GERARD, GREAT NORTHERN INSURANCE COMPANY A/S/O NORMAN GOLDBERG AND SUSAN GOLDBERG, BANKERS STANDARD INSURANCE COMPANY A/S/O STEVEN HODES AND SETH HODES, PACIFIC EMPLOYERS INSURANCE COMPANY A/S/O ANNETTE ROSNER AND GARY SIEPSER, EXECUTIVE RISK INDEMNITY INC. A/S/O ALLISON ROTHMAN AND JEFFREY LEVINE, GREAT NORTHERN INSURANCE COMPANY A/S/O STEPHEN SARDINIA AND RYANN WEBSTER, EXECUTIVE RISK INDEMNITY INC. A/S/O PETER STEVENSON AND MARILYN STEVENSON, BANKERS STANDARD INSURANCE COMPANY A/S/O ANDREW JOHN WILSON JENNIFER K WILSON, EXECUTIVE RISK INDEMNITY INC. A/S/O CECELIA M BEIRNE, PACIFIC EMPLOYERS INSURANCE COMPANY A/S/O CAROLYN WESTON,

|  |  |
|---|---|
| INDEX NO. | 153964/2020 |
| MOTION DATE | 05/02/2023 |
| MOTION SEQ. NO. | 005 |

Plaintiff,

- v -

COLLOSUS ENTERPRISES CORP., 60 EAST 9TH STREET CONDOMINIUM, ROSE ASSOCIATES, INC.,UNIWAY PARTNERS, L.P., FAMIGLIA OF EIGHTH AVENUE INC.,MASTER FIRE SYSTEMS INC.,SPACE AIR CONDITIONING CORP., OMNI FIRE PROTECTION,

Defendant.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------X

OMNI FIRE PROTECTION

Plaintiff,

-against-

Third-Party
Index No. 596037/2020

**153964/2020   GREAT NORTHERN INSURANCE vs. COLLOSUS ENTERPRISES CORP.**
**Motion No.  005**

Page 1 of 4

1 of 4

FAIK BERISHA, FEIM BERISHA, LUAN BERISHA, NICKOLAS PIROGOUSIS, FRANK PARLAMIS, INC., IDEAL FIRE SYSTEMS, INC.

                                      Defendant.

---------------------------------------------------------------------------X

OMNI FIRE PROTECTION                          Second Third-Party
                                              Index No. 595827/2023
                         Plaintiff,

              -against-

EMPIRE STATE REALTY TRUST, INC.

                                      Defendant.

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277

were read on this motion to/for                     JUDGMENT - SUMMARY                     .

Plaintiffs commenced this action for money damages for property damage against defendants stemming from a June 28, 2017, fire at the premises located at 60 East 9th Street, New York, New York (premises). Defendant, Space Air Conditioning Corp. (Space), now moves pursuant to CPLR 3212 for summary dismissal of the complaint, crossclaims, and counterclaims. The motion is opposed. For the following reasons, the motion is denied.

This action stems from a fire that occurred on the ground floor of the premises where two restaurants were located. The fire was investigated by Christopher Gioello (Gioello), a fire marshal employed by the Fire Department of New York (FDNY). Gioello authored the FDNY's related investigation report. Gioello inspected the location of the fire, Bully's Deli (Deli) and Famiglia of Eight Avenue, Inc. (Famiglia), the adjacent restaurant. Gioello concluded that the Deli and Famiglia's duct systems were improperly connected, that the Deli's duct extended 2 ft. vertically into a vertical air shaft, and that the remainder of the air shaft that extended to the roof above the 6th floor was not lined with duct as required. Gioello further concluded that the fire began when accumulated cooking grease located in the horizontal and vertical portions of the Deli's ventilation ducts ignited. Gioello further testified that the fire first ignited in built-up cooking grease in the first few feet of duct that extended vertically from the Deli, into the vertical shaft. Gioello further determined that once ignited, the fire traveled up the vertical shaft to the roof, igniting combustible building materials in the shaft and on the roof.

Sanford Walker (Walker), the owner of defendant Omni Fire Protection (Omni), testified that Omni would periodically clean the ducts at the Deli. Walker testified that he last cleaned the ducts prior to the fire was on June 7, 2017. Walker further stated that the ductwork in the Deli

**153964/2020  GREAT NORTHERN INSURANCE vs. COLLOSUS ENTERPRISES CORP.**                     **Page 2 of 4**
**Motion No.  005**

did not have access panels every ten feet as required, and as a result, some portions of the ductwork was inaccessible to cleaning. Walker specifically testified that there were no access points through which he could view the vertical shaft to the exhaust fan. Walker further stated that the fan itself could not be moved and was only cleaned on the outside.

In support of its motion, Space submits the affidavit of its principal, Ioannis Soratos (Soratos), wherein he states that in 2000, defendant Frank Parlamis, Inc., a general contractor, hired Space to install a ventilation hood above the Deli's main grill or range, as well as 10 to 12 feet of related duct. Soratos further states that Space did not conduct any work, inspections, repairs, maintenance, or hired any subcontractor to do so at the Deli since the installation of the hood and duct work. Soratos further states that Space never received notice of any dangerous or defective condition at Deli, and never received any complaints regarding its work at the Deli.

Space also submits the affidavit of its fire origin expert John Tinghitella (Tinghitella), wherein he states that the fire originated in the duct/dumb waiter shaft that extended from above the ceiling and that the first fuel ignited was the buildup of grease in the Deli to the roof. Tinghitella states the fire extended in the shaft to the roof, cockloft, and top floor apartments because the duct work did not extend to the roof but only extended approximately 18 inches into the dumb waiter shaft. Tinghitella further states that the fire did not breach the hood or horizontal duct work in the Deli and that the hood was not in the area of origin of the fire.

On a motion for summary judgment, the movant carries the initial burden of tendering admissible evidence sufficient to demonstrate the absence of a material issue of fact as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once the movant meets its initial burden, the burden shifts to the opposing party to "show facts sufficient to require a trial of any issue of fact" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Summary judgment may be granted upon a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence sufficient to eliminate material issues of fact (CPLR 3212 [b]; *Alvarez*, 68 NY2d at 324; *Winegrad v New York Univ. Med Ctr.*, 64 NY2d 851, 853 [1985]).

"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contractors, Inc.*, 98 NY2d 136, 138 [2002]; *Church ex rel Smith v Callanan Indus, Inc.*, 99 NY2d 104, 111 [2002] ["Ordinarily, breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor"]). The Court in *Espinal* articulated three exceptions to the rule:

> "[A] party who enters into a contract to render services may be said to have assumed a duty of care--and thus be potentially liable in tort--to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely."

(*id.* at 140 [internal quotation marks and citations omitted]).

**153964/2020 GREAT NORTHERN INSURANCE vs. COLLOSUS ENTERPRISES CORP.**
**Motion No. 005**

**Page 3 of 4**

At issue is whether Space launched an instrument of harm, or in other words, whether the work that Space performed at the premises created the conditions that lead to the fire.

The Court holds that Space's motion is premature. According to CPLR 3212(f), where a motion for summary judgment is filed, "[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just." "In accordance with the statute, this Court has held that a motion for summary judgment should be denied as premature where the movant has yet to be deposed" (*Figueroa v City of New York*, 126 AD3d 438, 439 [1st Dept 2015]; *see Cannon v New York City Police Dep't*, 104 AD3d 454 [1st Dept 2013]; *Wesolowski v St. Francis Hosp.*, 108 AD3d 525, 526 [1st Dept 2013]).

Here, paper discovery is incomplete, and Space's deposition has not yet taken place. Plaintiff and the co-defendants should be given the opportunity to fully explore Santos' statements at a deposition, including Santos statements concerning: where the duct Space installed or the existing duct that he connected into was located, or its proximity to the location in the duct where cooking grease accumulated and ignited; concerning the particulars of the "plans and specifications" Space "followed" when it performed its work at the premises; the documentary evidence to corroborate his claim that Space was not responsible for and never performed any maintenance or repairs to the Deli's duct system since 2000; and what Space's responsibilities were in relation to the other parties. Accordingly, the branch of the motion seeking summary judgment is denied as premature pursuant to CPLR 3212(f).

Accordingly, it is hereby,

ORDERED that Space Air Conditioning Corp.'s motion pursuant to CPLR 3212 for summary dismissal of the compliant, crossclaims, and counterclaims is denied; and it is further

ORDERED that Space Air Conditioning Corp. shall serve a copy of this decision and order, with notice of entry, within ten (10) days of entry.

This constitutes the decision and order of the Court.

| 12/29/2023 | | | DAKOTA D. RAMSEUR, J.S.C. |
| DATE | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153964/2020  GREAT NORTHERN INSURANCE vs. COLLOSUS ENTERPRISES CORP.**          Page 4 of 4
**Motion No.  005**