| |
|---|
| **Klein v New York City Tr. Auth.** |
| 2024 NY Slip Op 31849(U) |
| May 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156065/2018 |
| Judge: Eric Schumacher |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ERIC SCHUMACHER**      PART      **23M**

*Justice*

-------------------------------------------------------------------X

RACHEL ELLEN KLEIN,

                   Plaintiff,

         - v -

NEW YORK CITY TRANSIT AUTHORITY,

                   Defendant.

 (and two third-party actions)

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156065/2018 |
| MOTION DATE | 05/29/2024 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

NYSCEF doc nos. 595-619 and 624-655 were read on this motion for summary judgment, etc.

Motion by plaintiff pursuant to CPLR 3212 for summary judgment in favor of plaintiff and against defendant New York City Transit Authority (hereinafter NYCTA), pursuant to CPLR 6301 for a permanent mandatory injunction in favor of plaintiff and against NYCTA, for an order directing third-party defendant/second third party plaintiff 301/69 Owners Corp. (hereinafter 301/69 Owners) to permit NYCTA to enter the subject building, and severing the claims of NYCTA and second third-party defendant Schindler Elevator Corporation (hereinafter Schindler) from this action denied. Cross motion by NYCTA and Schindler pursuant to CPLR 3212 for summary judgment dismissing the complaint denied.

## BACKGROUND

Plaintiff commenced this action on June 28, 2018, by filing the summons and complaint (see NYSCEF doc no. 1).

In or about March 2019, the prior court began conferencing the case. The case was administratively reassigned to this part in early 2023, and the court held its first status conference on February 21, 2024, as directed in the court's November 21, 2023 decision and order (see NYSCEF doc no. 467). At that conference, upon the parties' representation that plaintiff would discontinue the case conditioned on certain actions by NYCTA, 301/69 Owners, and Schindler, the court so-ordered the parties' stipulation setting forth an appearance schedule with the goal of having the case resolved and discontinued in approximately 120 days.

On April 3, 2024, this court issued a status conference order setting forth May 2, 2024, and May 3, 2024 deadlines for plaintiff to respond to certain longstanding demands of defendants, including for authorizations. The order also established a deposition schedule, with the first deposition set to take place on July 2, 2024 (see NYSCEF doc no. 594). Specifically, the status conference order set forth dates for the following four EBTs: (1) plaintiff; (2) NYCTA's witness; (3) directing 301/69 Owners' witness; and (4) Schindler's witness (see id.). The status

conference order further sets forth dates for plaintiff's IME, certain authorizations, and outstanding discovery responses (see id.).

On April 26, 2024, plaintiff filed this motion for summary judgment (see NYSCEF doc no. 595). NYCTA and Schindler filed their cross motion for summary judgment dismissing the complaint on May 15, 2024 (see NYSCEF doc no. 633). Plaintiff has not filed the note of issue, and there has been no stipulation from the parties indicating that all discovery is complete, nor is there any representation from plaintiff in the papers that plaintiff has complied with the April 3, 2024 status conference order deadlines concerning plaintiff's responses to NYCTA's longstanding demands prior to the EBTs.

## DISCUSSION

CPLR 3212(f) states:

"Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just."

It is well-settled Appellate Division, First Department law that "a motion for summary judgment should be denied as premature where the movant has yet to be deposed" (Barreto v City of New York, 194 AD3d 563, 564 [1st Dept 2021], quoting Figueroa v City of New York, 126 AD3d 438, 439 [1st Dept 2015]; see also Bey v Rosado, 192 AD3d 575, 576 [1st Dept 2021]; Vizcaino v Park Lane Mosholu, LLC, 180 AD3d 524 [1st Dept 2020]). Notably, this court's part rules state that "[m]otions for summary judgment prior to the completion of discovery are strongly discouraged" (Part 23 R. III[G][1]).

Here, it is undisputed that neither plaintiff nor NYCTA have been deposed, as party EBTs are not scheduled to begin until July. In addition, the IME of plaintiff has not been conducted. Indeed, the opposition papers filed May 14, 2024, refer to all discovery as still outstanding, and plaintiff does not dispute this characterization in reply, nor does plaintiff provide discovery responses in reply (see NYSCEF doc no. 624 at 2 n 1).

As to the evidence submitted by plaintiff in the motion and by NYCTA and Schindler in the cross motion, the court finds that the submissions, absent any party testimony, raise genuine issues of material fact for trial. Both movant and cross movants submit what are in effect dueling expert submissions. The court finds that these submissions are in admissible form, yet neither, whether read in isolation or taken together, conclusively establishes the submitting parties' entitlement to judgment as a matter of law.

As such, the court finds that both movant and cross movants have failed to demonstrate entitlement to judgment as a matter of law based on the court's evaluation of the merits of the evidence submitted. The court further finds that the motion and cross motion are premature pursuant to CPLR 3212(f). The court further finds that plaintiff, NYCTA, and Schindler, each now having moved before this court for summary judgment, and having in effect charted their

own 'pre-discovery' summary judgment course, are now barred from moving again for summary judgment in this action. What will happen next, should the parties elect not to resolve the case among themselves, is that the court will supervise the expeditious completion of discovery in this 2018 case, the court will direct plaintiff to file the note of issue upon completion of discovery, and the case will proceed at a trial at which time it will be for the trier of fact to weigh the credibility and import of the experts submissions and other evidence submitted, including presumptively party and other fact witness testimony.

Based on the foregoing the court finds that plaintiff has likewise failed to demonstrate entitlement to a permanent mandatory injunction, or to any of the other relief requested, at this time. This includes the branch of the motion that is to sever, as the claims and open discovery at issue are integral to both liability and damages issues as between plaintiff and NYCTA. Moreover, as depositions have yet to begin, there is no prejudice in maintaining the action as currently structured, and the court's interest in promoting judicial economy weighs in favor of denying the application.

It is apparent that plaintiff has failed to comply with the court's April 3, 2024 status conference order as to the May 2, 2024, and May 3, 2024 deadlines for providing the discovery memorialized in directives #1 and #2. Of particular concern is not only that plaintiff ostensibly violated this court's rule as to that dispositive motions do not stay discovery in this part (Part 23 R. III[H]), but also that plaintiff has yet to provide the parties with the authorizations necessary for those parties to obtain records they require in order to depose plaintiff.

Plaintiff's inaction and blatant disregard for this court's directive now jeopardize the July 2, 2024 start date for depositions. Even if the parties received all the outstanding authorizations today, it is nigh impossible that they would obtain records a reasonable amount of time prior to plaintiff's scheduled EBT. As such, the court finds, pursuant to CPLR 3126, that a conditional order dismissing the complaint is warranted.

THIS SPACE IS INTENTIONALLY LEFT BLANK

## CONCLUSION

Accordingly, it is

ORDERED that the motion and cross motion are denied; and it is further

ORDERED that plaintiff shall provide the discovery directed in the April 3, 2024 status conference order, directives 1 and 2, on or before June 11, 2024, but if this is not done fully and timely, the complaint is dismissed; and it is further

ORDERED that all parties shall appear in Part 23 on Wednesday, June 12, 2024, at 9:30 a.m., for a status conference, at which time any party may provide or submit an affirmation to the court concerning plaintiff's compliance or noncompliance; and it is further

ORDERED that the September 18, 2024 status conference is advanced to June 12, 2024; and it is further

ORDERED that, within five days of entry, NYCTA, 301/69 Owners, and Schindler shall each serve a copy of this order with notice of entry on plaintiff, and plaintiff shall serve a copy of this order with notice of entry on NYCTA and Schindler.

The foregoing constitutes the decision and order of the court.

| 5/29/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | ERIC SCHUMACHER, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

156065/2018  KLEIN v NEW YORK CITY TR. AUTH.
Motion No.  008

Page 4 of 4