Philadelphia Indem. Ins. Co. v Addison PHS Corp. (2025 NY Slip Op 01900)

Philadelphia Indem. Ins. Co. v Addison PHS Corp.

2025 NY Slip Op 01900

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 157533/21|Appeal No. 4012|Case No. 2024-03138|

[*1]Philadelphia Indemnity Insurance Company etc., Plaintiff-Respondent,
v
Addison PHS Corp.,etc.,et al., Defendants-Respondents, Team Electric, Inc. Defendant-Appellant.

Perry, Van Etten, Rozanski & Kutner, LLP, New York (Jerome S. Oliner of counsel), for appellant.
Coffey Law PLLC, Albany (Daniel W. Coffey of counsel), for Philadelphia Indemnity Insurance Company, respondent.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Matthew P. Cueter of counsel), for Addison PHS Corp. and Addison Plumbing LLC, respondents.
Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for Newgrange Construction Company, Inc., respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered April 16, 2024, which denied defendant Team Electric, Inc.'s motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, with costs.
This action arises from property damage that allegedly resulted when water discharged from a hot water heater. Plaintiff alleges that the heater was incorrectly installed, and that the pressure and temperature valve and a leak detection/water sensor were not installed at all. Team Electric, a subcontractor on a project at the premises, failed to establish prima facie entitlement to summary judgment, as it did not tender sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 322 [1986]). In support of its motion, Team Electric submitted an affidavit of its project manager, along with the purchase order setting forth its scope of work, an email sent with the purchase order, and the conceptual electrical and plumbing plans. However, those documents do not conclusively establish that Team Electric had no responsibility related to the installation of the leak detection/water sensor.
Assuming arguendo that Team Electric established prima facie entitlement to summary judgment, defendants Addison PHS Corp. and Addison Plumbing LLC (together Addison) raised a triable issue of fact through their opposition papers. Addison's president averred that although Addison acquired the leak detection system, Team Electric was responsible for its installation. Addison also submitted an affidavit from its engineering expert, who opined that according to the conceptual plumbing plans, Team Electric was responsible for the leak detection system's electrical requirements.
In any event, the summary judgment motion was premature. No Team Electric witness has been deposed, thus depriving the nonmoving parties of an opportunity to examine witnesses who would have knowledge concerning the relevant issues (see CPLR 3212[f]; Guzman v City of NY, 171 AD3d 653, 653 [1st Dept 2019]; Figueroa v City of New York, 126 AD3d 438, 439 [1st Dept 2015]).
We have considered Team Electric's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025