**Martinez v City of New York**

2025 NY Slip Op 31685(U)

May 8, 2025

Supreme Court, New York County

Docket Number: Index No. 450102/2018

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARIEL D. CHESLER**

*Justice*

PART      62M

-------------------------------------------------------------------X

LOURDES REYES MARTINEZ,

           Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF TRANSPORTATION,
CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC. and CONSOLIDATED EDISON, INC.

           Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450102/2018 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 68-90
were read on this motion to/for        SUMMARY JUDGMENT     .

In this motion, Consolidated Edison seeks summary judgment, and dismissal of the

complaint and any cross-claims against it. The motion, originally returnable on November 6,

2024, was adjourned by stipulation to December 6, 2024. Despite the extension, no opposition

was filed to the motion.

This action concerns an incident in front of 68 West 106th Street from which Plaintiff

claims to have sustained personal injuries. Specifically, Plaintiff was working as a tour guide on

a double-decker bus and was standing on the upper level of the bus when the alleged incident

occurred. She testified at her deposition that she had gotten up from her seat and was walking

towards the back of the bus when she heard a loud bang and went backwards, hitting a pole on

the bus. When the alleged incident occurred, the tour bus suddenly dropped and caused

[* 1]

plaintiff to fall backwards. However, Plaintiff did not personally see what the caused the incident at the time it occurred. After the fact, the bus driver pointed out a hole in the roadway to her and then she saw it herself.

Con Edison employees conducted various record searches for the period of at least two years before the incident. They found no records showing that Con Edison did any work near the defect in that time. There were records showing work done in parking lanes and the sidewalk in the vicinity. However, there were no street cuts done by Con Edison on West 106th Street. In an affirmation, one of the Con Edison employees – Jennifer Grimm – stated that Con Edison did not perform work near the pothole defect plaintiff claims caused the alleged incident or even performed work in the travel lanes of West 106th Street, and that all of Con Edison's work on West 106th Street was confined to the parking lane and sidewalk.

In his affirmation, Con Edison's employee Jake Weeks stated that Con Edison did not own, operate, or maintain any manholes or manhole covers in the center of the roadway in front of 68 West 106th Street and that there are no Con Edison facilities in the travel lanes of the roadway of West 106th Street. He further affirmed that the manhole cover adjacent to the alleged defect does not belong to Con Edison, that it is a sewer manhole, that Con Edison does not perform work in such manholes, and, as such, the pothole defect adjacent to that manhole is not the result of any work done by Con Edison.

Con Edison also provided documents and testimony from a DOT employee indicating that the DOT had repaired various potholes on West 106th Street between 2014 and 2016 and that DOT had also been notified of various defects in the area.

The proponent of a summary judgment motion has the initial burden of establishing a prima facie showing that it is entitled to summary judgment as a matter of law, providing

[* 2]

sufficient evidence that no material issues of triable fact exist (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 74 [2020]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once this burden has been met, the burden shifts to the opposing party to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact . . . mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]).

Here, there can only be liability if Con Edison owes the plaintiff a duty of care. There must be evidence that a dangerous or defective condition existed and that the defendant either created the condition or had actual or constructive notice of it (*See Mandel v. 370 Lexington Ave., LLC*, 32 AD3d 302 [1st Dept 2006]; *Igneri v. Triumph Construction Corp.*, 166 AD3d 737, 739 [2d Dept 2018]).

Con Edison established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it based on the records, deposition testimony and affirmations of its employees. These demonstrated that Con Edison did not perform work anywhere near the alleged defect, that it did not own the adjacent hardware near the defect, and that all its work was conducted in other areas. The evidence submitted also established that the adjacent manhole cover was not Con Edison's property and that there are no Con Edison facilities in that part of the roadway.

In sum, the evidence established that Con Edison did not have a duty of care around the manhole cover or in that section of the roadway, and that it did not cause or create the alleged defect. Plaintiff did not oppose the motion and thus failed to raise a triable issue of fact to defeat summary judgment.

Separately, Con Edison established that it is entitled to summary judgment because the record evidence established that Plaintiff did not have personal knowledge regarding the location or defect that caused the accident, and relied on speculation and hearsay information obtained from the bus driver (*see Siegel v. City of New York*, 86 AD3d 452, 454 [1st Dept 2011]; *Stock v. Otis Elevator Co.*, 52 AD3d 816 [2d Dept 2008]; *Soto v. Assisted Care Home Attendants Program*, 66 AD3d 530 [1st Dept 2009][holding that plaintiff's testimony, which was based on inadmissible hearsay, was insufficient to create a triable issue of fact]). Plaintiff has not opposed this motion or offered non-hearsay evidence, or anything, to raise a triable issue of fact.

Accordingly, it is hereby

ORDERED that Con Edison's motion for summary judgment is granted; and it is further

ORDERED that the complaint and any cross-claims against Con Edison are dismissed; and it is further

ORDERED, that the County Clerk is to enter judgment in favor of Con Edison accordingly.

This constitutes the decision and order of this court.

**HON. ARIEL D. CHESLER**
**J.S.C.**

_____
ARIEL D. CHESLER, J.S.C.

_____5/8/2025_____
DATE

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]